CHARLES DE ALBERTS V. THE STATE.

*No. 707.   Decided May 27.*

1. **Continuance—Third Application—Diligence.**—Where on a third application for continuance, it appeared that defendant was indicted the 7th of June, 1894, and that the first application was made at the October and the second at the December terms following; that the witness in the third application was not one mentioned in the two first; that on the 15th of January, 1895, he propounded interrogatories to this witness, who resided in New York, but did not sue out the commission to take his deposition until the 8th of February, and no excuse is shown for the delay, and no sufficient reason is given why the deposition has not been returned; *Held*, the court did not err in overruling the application.

2. **Forgery—Variance as to Allegation and Proof.**—On a trial for forgery, where the instrument set out in the indictment by its tenor was a draft on the First National Bank, and on the left-hand side of said draft were the letters F. N. B., and the State introduced a draft with a printed monogram in the left-hand side, *Held*, that there was no variance.

3. **Insanity Produced by the Use of Intoxicating Liquors—Charge.**—See a charge of the court upon the law of insanity produced by the recent use of intoxicating liquors, *Held*, to be in conformity with the decisions of this court. Citing Evers v. The State, 31 Texas Criminal Reports, 318.

4. **Forgery—Evidence Excluded.**—On a trial for forgery, where the defendant proposed, but was not permitted, to prove that at the time of the alleged forgery he had ample money and means in his possession and on his person, which proof was offered for two purposes: (1) if he was sane, that then he had no motive to commit the forgery; (2) that the testimony would tend to show his insanity by proof of want of motive; *Held*, that there being no question as to the forgery, and the testimony as to his insanity showing only spasmodic fits of mental abberration, and failing to show he was laboring under such a fit at the time of the forgery, the testimony would not probably or reasonably have changed the result had it been admitted, and its exclusion does not therefore constitute error.

APPEAL from the Criminal District Court of Harris.   Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for forgery, the punishment assessed being a term of two years in the penitentiary.

The opinion states the essential facts in the case.

The charge of the court upon insanity was as follows: "You are instructed, that neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits constitutes any excuse for the commission of crime, nor does intoxication mitigate either the degree or penalty of crime, but evidence of temporary insanity produced by such recent use of ardent spirits should be considered in mitigation of the penalty attached to the offense for which the defendant is on trial. To be considered at all by the jury, the use of ardent spirits must have been indulged to the extent of producing temporary insanity, which is that degree of insanity that deprives the person of the capacity or power to distinguish between right and wrong as to the particular act charged against him, and where the state of intoxication reaches to such a degree that the person becomes inca-

pable of knowing that the act he is doing is wrong and criminal. Where such is the case, he is in a state of temporary insanity produced by the voluntary recent use of ardent spirits within the meaning of the law. If it appears from the evidence that the defendant, at the time of the commission of the offense for which he is on trial (if you find that he committed it), was in a condition of temporary insanity produced by the voluntary recent use of ardent spirits, you will take such temporary insanity into consideration in mitigation or reduction of the penalty attached by law to said offense. Insanity, such as delirium tremens or mania a potu, whose remote cause is drunkenness, is deemed by the law a disease of the mind, and is a defense to crime committed while a person is so insane, but not intoxicated, and is included in the following instructions:

"No person can be punished by the law for an act done in a state of insanity, other than temporary insanity produced by the recent voluntary use of ardent spirits, as such temporary insanity is herein before explained. Every person is presumed to be sane until the contrary appears to the jury trying him. He is presumed to entertain, until the contrary appears, a sufficient degree of reason to be responsible for his acts; and to establish his defense on the ground of insanity, it must be clearly proved, that at the time of committing the act the party accused was laboring under such defect of reason, from disease of the mind, that he did not know what he was doing, or did not know the difference between right and wrong of the particular act charged against him. The insanity must have existed at the very time of the doing of the act, and the mind must have been so dethroned of reason, from disease of the mind, as to deprive the person accused of the knowledge of the right and wrong as to the particular act done. You are to determine from the evidence in this case the matter of insanity, it being a question of fact controlled, so far as the law is concerned, by the instructions herein given you. If you acquit the defendant on the ground that he was insane (as insanity is herein explained) at the time of doing the acts charged against him in this case, you will state in your verdict that the acquittal is on the ground of insanity."

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried under an indictment charging him with forgery, was found guilty, and his punishment assessed at two years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal.

The appellant assigns as error the overruling of his motion for a continuance. This is the third application, and shows a want of diligence. The appellant in this case was indicted on the 7th of June, 1894, and was immediately arrested under a capias in said cause. He applied

for a continuance at the October Term for the want of certain witnesses, whose names appear in said application; and he made a second application at the December Term on account of the absence of two certain witnesses he had not included in the former application. On the 19th of February he applied for a continuance for the want of the testimony of Mrs. Martha Frink, who resides in Jamestown, Chautauqua County, in the State of New York. The name of said witness had not been included in either of the said former applications. It appears that interrogatories were propounded to her on the 15th of January, 1895; and that on the 8th of February he sued out a commission, and forwarded the same to an officer at the residence of said witness, in the State of New York. It was proposed to prove by said witness that insanity existed in the family of appellant. No excuse is shown for the failure to have sued out the process earlier, and the only reason assigned why said deposition has not been returned is, that said witness is ill and confined to her bed. How ill is not stated, and how long she had been confined to her bed is not averred; and, for aught that appears, the officer might have gone to the house of said witness, and procured her deposition, notwithstanding said witness was not in good health. In our opinion, the court did not err in overruling said motion.

Nor did the court err in admitting the instrument alleged to have been forged, because of any variance between same and that set out in the indictment. The letters "F N B" appear on the margin of the instrument, in the shape of a monogram.

The defendant also assigns as error the charge of the court on the subject of temporary insanity produced by the recent use of intoxicating liquor, and insanity such as delirium tremens or mania a potu, the remote cause of which is drunkenness and insanity generally. In our opinion, the charge in question follows the decision of this court in Evers v. The State, 31 Texas Criminal Reports, 318, and is sufficient.

Appellant insists that the court committed an error in refusing to permit the witness Maggie De Alberts to testify, that at the time of the commission of the alleged offense defendant had ample money and means in his possession and on his person; that he was doing a prosperous business, and had considerable money due him for work; and that said money so due was easily collectible, and defendant's credit was good. The defendant, in his bill of exceptions, fails to show the grounds upon which this testimony was offered, which he should have done. Conceding, however, that it was not necessary to point out in his bill any reason for its admissibility; was the rejected testimony of that material character, if it was true, that would have probably changed the result in this case? Said testimony, as insisted by appellant in his assignment of errors, was offered for two purposes: the first, to show that defendant, if he was sane, was in good circumstances, and there was no motive impelling him to the forgery; the second, on his plea of insanity, that it would be testimony tending to show that he acted without

a motive, and was so insane. In reply to this, it is sufficient, as to the first proposition, to say, that the testimony in this case coming from the State places the question of forgery of the instrument in question by the defendant beyond the peradventure of a doubt. It is shown by the witness Bader, for the State, upon whom the alleged forged instrument was passed, that the defendant was indebted to him in a small account; that on the 30th of April, 1894, he came into the store of the prosecutor Bader and handed him the check shown in evidence, which was for $28.60, and desired to pay his account, and to receive the balance of the check in cash. On inquiry as to the check, he told Bader that it was given him by Dr. W. A. Tryon, who was in the drug business in Houston; that he acted in a businesslike manner in connection with the transaction, and the only thing noticeable was that he appeared somewhat excited. W. A. Tyron was introduced by the State, and said that he was in the drug business in Houston, and that the check in question was not signed by him, nor did he authorize any one else to sign it, and that he did not know De Alberts. The testimony was not gainsaid or denied; and although the defendant may have had abundance of money in his possession and on his person (though the latter is to be doubted, since the officer who arrested him directly after the transaction states that he only found on him $18.50, presumably the same money that had been paid to him on the draft, as that amount tallies with the amount paid him by Bader less 10 cents), yet such proof would not antagonize the fact of forgery. As to the insanity of the defendant, this testimony was of rather a thin and shadowy character, and at most shows that defendant was only subject to spasmodic fits of mental aberration, and that at the time of passing this forged instrument in question none of the witnesses state that he was laboring under such spell, but he appears to have been possessed of all of his faculties; so that, in our opinion, the absent testimony would not reasonably have changed the result. Pruitt v. The State, 30 Texas Crim. App., 158; Land v. The State, ante, p. 330.

There appearing no errors in the record, the judgment and sentence of the lower court are affirmed.

*Affirmed.*

Judges all present and concurring.