# AUSTIN TERM, 1904.

## Lon Crayton v. The State.

### No. 2685. Decided April 13, 1904.

**1.—Indictment—Forgery—Name of Person Defrauded.**

In an indictment for forgery, wherein it is alleged that the alleged forged instrument was executed with the intent to defraud, and that the same was willfully and fraudulently made, it is unnecessary to allege the name of the persons to be defrauded.

**2.—Same—Name of Foreman—Record.**

Where nothing in the record confirms the contention that another person than the foreman of the grand jury signed the indictment, it will not be considered.

**3.—Continuance—Uncontroverted Fact Not Material.**

Where the State on the trial did not attempt to show that one of the names on the alleged forged instrument was forged, there was no error in refusing an application for a continuance for the absence of a witness by whom it was expected to be proved that such name was not forged.

**4.—Evidence—Indorsements No Part of Forgery.**

There was no error on a trial for the forgery of a certain bond, which was set out in the indictment, to admit in evidence the said bond with certain indorsements thereon not set out in the indictment, as they did not constitute any part of the forgery and were not necessary to be alleged.

**5.—Same—Parol—Judgment—Purpose.**

Where, upon the trial for forgery of a county convict bond, the State was permitted to prove orally the consideration of the bond, and there was no objection on the ground that the evidence was parol, there was no error in permitting the State to prove by the county judge the amount, date and number of the judgment upon which said bond was based, nor was it necessary to limit this testimony for any purpose.

**6.—Same—Judgment of Conviction—Convict Bond.**

There was no error in admitting in evidence on the trial of forgery of a county convict bond, the minutes of the court, showing the judgment of conviction for a misdemeanor, upon which said bond was based.

**7.—Charge of the Court—Fine Due—Consideration.**

It was proper for the court to charge in a trial for the forgery of a county convict bond, the question of fact as to whether defendant owed the county the amount stated in said bond for a fine due, on a judgment against defendant, as described in the indictment for forgery.

**8.—Same—Presentment and Approval of Bond.**

There was no error to charge the jury in a trial for the forgery of a county convict bond that if they believed that after the making by defendant of said bond, he presented the same to the county judge for approval, and that said official did approve same as set out in the indictment to convict the defendant.

Appeal from the District Court of Williamson. Tried below before Hon. R. L. Penn.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The State, after introducing in evidence the bond set out in the indictment and judgment of the County Court showing defendant had been convicted of a misdemeanor, introduced two of the alleged sureties on said bond to wit, Brack Hall and Birl Roley, who testified that they had not signed or authorized anyone to sign said bond. There was also · testimony that in the opinion of the witness the names to said bond were written by the defendant. The county judge testified that at the request of defendant he drew up the bond and sent it by mail to him or his father, and thereafter received it through the mail signed as he presumed by the persons whose names appeared thereon, and that thereupon he approved it. This witness also testified that he examined the records and stated what amount defendant still owed the county on his fine, and that he got the data from the records to draw up said bond, etc.

Isaac Crayton, defendant's father and principal in the bond, testified for defendant that he authorized the signing of his name to the bond, that he received it through the mail, had it signed and handed it to a negro boy to get others to sign it, and that he had not heard from the boy for quite a while; that he had left that neighborhood. An expert on handwriting testified that in his opinion all the names on the bond were written by the same person.

*W. H. Nunn,* for appellant.—The court having admitted the evidence of Chas. A. Wilcox, and the criminal minutes of the County Court of

Williamson County, to the effect that the appellant had been convicted in the said county court of a high grade misdemeanor, for the purpose of showing consideration for the convict bond alleged to have been forged, the court should have limited said evidence to the purposes for which the same was introduced. Martin v. State, 35 S. W. Rep., 976; Reno v. State, 25 Texas Crim. App., 102; Thorntey v. State, 35 S. W. Rep., 981.

All of that portion of the charge of the court wherein he instructed the jury as follows, "and if you further believe from the evidence that after the making of the said instrument by the defendant (if you find that he made it) that he presented the same to Chas. A. Wilcox, county judge of Williamson County, Texas, in his official capacity as such county judge (if he was such county judge) and thereby induced the said Chas. A. Wilcox as such county judge to approve the same, and that the said Chas. A. Wilcox, did as such county judge approve the same, * * * then you will find the defendant guilty," was and is not the law of this case, and it called the attention of the jury to the effect of the forgery; that is to the fact that the county was defrauded in some amount and thus greatly prejudiced the rights of the defendant. Code Crim. Proc., arts. 715, 716; Tooney v. State, 5 Texas Crim. App., 163; Parker v. State, 22 Texas Crim. App., 104; Arismendis v. State, 54 S. W. Rep., 599.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years. This is the second appeal—the former appeal being reported in 73 S. W. Rep., 1046.

Appellant filed a motion to quash the indictment on the ground that the same does not allege that the false and forged instrument was made with the intent to injure Isaac Crayton, Brack Hall, Peary Robson and Birl Roley, the alleged makers of the same. The indictment does allege that the instrument was executed with the intent to injure and defraud, and that the same was willfully and fraudulently made. It is not necessary to allege the name of the person to be defrauded. Labaite v. State, 6 Texas Crim. App., 257; Westbrook v. State, 23 Texas Crim. App., 401; English v. State, 30 Texas Crim. App., 470.

We also note in the motion to quash a statement to the effect that J. A. Thompson was the foreman of the grand jury by which said indictment is purported to be returned, and that said indictment is signed by another than the foreman of the grand jury. We see nothing in the record confirmatory of this statement.

Appellant made a motion for continuance. He desired the testimony of the witness Robert Crayton, to prove the fact that he (Robert Crayton) signed the name of Isaac Crayton to the alleged forged bond, at said Isaac Crayton's request. The court states, in explanation to this

bill, that the State on the trial did not attempt to show that the name
of Isaac Crayton signed to the alleged forged instrument was forged,
and there was no issue raised as to said Isaac Crayton's signature.
There was no error in overruling the application for continuance.

The second bill of exceptions complains that the court permitted the
State to introduce the convict bond upon which the forgery is predi-
cated. . The opinion on the former appeal contains a copy of this bond.
Appellant's objections to the introduction of this bond are that there
is a fatal variance between the said instrument offered in evidence and
the one set out in the indictment, in this: that on the back of said
instrument appear the following indorsements, which do not appear on
the copy of the purported forged instrument as alleged in the indict-
ment, to wit: "May 31, 1902, by cash $5.00. June 9th, by cash,
$5.00." And the further word, "Lon Crayton" above the word "bond."
And further the word "Isaac Crayton," above the word "principal." And
also written upon the back of the convict bond, the names of the sure-
ties and the file mark of the clerk. It is not necessary to allege these
indorsements in the indictment, since it is not a part of the bond. It
is well settled that entries or indorsements made upon the instrument
alleged to be forged subsequent to the forgery, or that constitute no
part or parcel of the forgery, are not necessary to be alleged. Labaite
v. State, supra; May v. State, 15 Texas Crim. App., 430; Hennessey v.
State, 23 Texas Crim. App., 340; De Alberts v. State, 34 Texas Crim.
Rep., 508.

Bill number 2 complains that the court permitted the State over
the objections of defendant to prove by the county judge, Chas. A.
Wilcox, that at the time the alleged forged convict bond was received
by him, defendant, Lon Crayton, then owed to the county of William-
son an unpaid balance of $23 on a judgment of conviction in cause
No. 4563, against said Crayton in the County Court of Williamson
County, and that the said judgment of conviction was rendered against
defendant at the December term of said county court, 1901; and that
in writing and preparing the said convict bond, he, the said county
judge, had intended to describe the said judgment of conviction against
defendant. Appellant objected to this evidence because said evidence
was incompetent, irrelevant and immaterial; and said instrument pur-
ported to have a sufficient consideration, and want of consideration was
defensive matter; that defendant had not testified; that said evidence
was highly calculated to prejudice the rights of defendant in the minds
of the jury. The indictment contained proper allegations authorizing
the introduction of this testimony. It was not calculated to injure the
rights of defendant, but was absolutely necessary to be introduced on
the part of the State to make out its case under the terms of the law
and the allegations of the indictment. Nor was it necessary for the
court, as insisted by appellant in motion for new trial, to limit this
testimony for any purpose, since it barely served to illustrate and prove
the contentions of the State going to show the forgery. We note that

the trial court appends to the bill a qualification to the effect that appellant merely objected to the testimony and did not object to the proof of the same by parol. This being true, there is no valid objection stated to the testimony.

Bill number 4 complains that. the court permitted the criminal minutes of the County Court of Williamson County to be introduced, showing the conviction by the jury and the judgment thereupon entered against defendant for the sum of $50 and one day's confinement in jail. Appellant objects to this testimony for practically the same reasons as stated to the introduction of the judgment. There was no error in the ruling of the court.

In the eighth ground of the motion for new trial, appellant complains of the following portion of the court's charge: "If you believe beyond a reasonable doubt that at the time of the making of said instrument by defendant, if he did make it, defendant owed to the county of Williamson a balance of $23 upon a judgment for fine and costs rendered in cause No. 4363, on the criminal docket of the County Court of Williamson County, at the December term, 1901," etc.—because the said alleged forged instrument being in writing was presumed to have sufficient consideration, and that said portion of the charge was therefore unnecessary, and the same called the attention of the jury especially to the judgment of conviction against defendant, and was calculated to and did injure the rights of defendant. There is no merit in these objections. It was proper for the court to charge the jury as indicated.

Appellant also objects to the following portion of the charge: "And if you further believe beyond a reasonable doubt that after the making of the said instrument by defendant, if he did make it, he presented the same to Chas. A. Wilcox, county judge of Williamson County, in his official capacity as county judge; and thereby induced the said Chas. A. Wilcox as such county judge to approve the same, and the said Wilcox did as such county judge thereupon approve said instrument, and write his, the said Chas. A. Wilcox's name thereon, under the word approve, in the left hand corner of said instrument, as alleged in the indictment, then you will convict defendant." The objections urged to this charge are that there was no evidence that defendant presented said instrument to said Wilcox for his approval, and for the reason that said portion of the charge is not the law of this case; that the same might apply to swindling or uttering a forged instrument, but it could not apply to forgery; and that said portion of the charge was highly prejudicial to the rights of the defendant. Appellant does not point out in what way it was prejudicial, nor do we see how it could have injured appellant. On the other hand it was necessary, under the law, for the court to so charge, since it required the approval of the county judge to make a valid obligation.

We have carefully reviewed all of the appellant's assignments of error, together with his insistence that the evidence is insufficient to

support the conviction, and finding no eror in the record, and believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]