JOHN WESLEY, ALIAS J. W. TATUM, v. THE STATE.

No. 1866. Decided June 26, 1912.

Rehearing denied October 16, 1912.

**1.—Passing Forged Instrument—Circumstantial Evidence—Charge of Court.**

Where, upon trial of passing a forged instrument, the evidence was direct, there was no error in the court's failure to charge on circumstantial evidence.

**2.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show what answer the witness gave, there was nothing to review on appeal.

**3.—Same—Evidence not Hearsay.**

Upon trial of passing a forged instrument, where the testimony showed a personal knowledge of the transaction by the witness, it was not hearsay; neither was there error in showing that the bank on which the alleged check was drawn refused payment thereof.

**4.—Same—Secondary Evidence—Check.**

Where, upon trial of passing a forged instrument, the proper predicate was laid of the loss of the original check described in the indictment, there was no error in admitting secondary evidence of its contents.

**5.—Same—Evidence.**

Where the court had quashed the first count in the indictment because of a defect therein, there was no error in excluding testimony with reference thereto.

**6.—Same—Continuance—Surprise.**

Where, upon trial of passing a forged instrument, there was a want of diligence in procuring the absent witness and no surprise could be claimed, there was no error in overruling the motion.

**7.—Same—Evidence—Request by Jury—Statutes Construed.**

Where the jury, after their retirement, requested that the stenographer read the testimony of a certain State's witness, the jury disagreeing about such testimony, and the court only permitted that part to be repeated which covered the request of the jury there was no error. Article 735, Code Criminal Procedure.

**8.—Same—Indictment—Indorsement.**

It was not necessary to allege the indorsement on the check, as it was shown that it was placed there long subsequent to the execution of that instrument.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Barry Miller.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ellis P. House,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of passing a forged instrument and sentenced to two years in the pentientiary, from which judgment he prosecutes an appeal to this court.

The appellant was convicted in this case of passing a forged instrument, and as it is positively proven that R. T. Sanderson did not sign nor authorized any other person to sign his name to the check, and further proven that appellant is the person who passed the alleged forged check, consequently it was not necessary for the court to charge on circumstantial evidence, and the court did not err in refusing the special charge requested.

A number of bills of exceptions to the testimony of the witness, S. A. Disterbach, were reserved. In one it is shown that in answer to a question he testified that appellant purchased a pair of shoes from one of his salesmen, R. T. Johnson. That he carried the check to the bank on which it was drawn and payment was refused. In another bill it is shown that the State's counsel told the witness: "Just state the conversation that took place." The bill does not show what answer the witness gave and in this condition it presents nothing for review. As to the statement that appellant bought a pair of shoes from his salesman Johnson, the evidence shows that when the shoes were sold, appellant tendered a check payable to J. W. Tatum in payment. That the salesman and appellant went to Mr. Disterbach and the matter was explained to him, and appellant then endorsed the check over to Mr. Disterbach. This shows a personal knowledge of the transaction by the witness and it was not hearsay. It was permissible to show that the bank on which the check was drawn refused payment of it, as tending to shed light on whether or not it was forged. When R. T. Sanderson testified he had not signed the check, nor authorized anyone else to do so; that he was engaged in the produce business and there was no other man by that name engaged in the produce business in Dallas (Mr. Disterbach having stated that appellant had told him the check was given him by the produce merchant, Sanderson), appellant on cross-examination had developed the fact that Mr. Sanderson did not know everybody in Dallas, and that another person by that name might reside in the city, consequently it was admissible to show that the bank on which it was drawn refused to pay it, as a circumstance tending to show that it was forged.

Mr. Savage, assistant county attorney, was permitted to testify that

he had the check in his possession at the time he drew the bill of indictment; that it had been lost since the indictment was drawn; that he had searched the grand jury room and other places where papers turned over to the county attorney were kept and it could not be found. That at the time he drew the indictment he had carefully compared the check copied in the indictment with the original check. This check had been traced from the possession of Mr. Disterbach to the possession of the county attorney, and then its loss proven. As this check was lost all this testimony was admissible, and the further fact that it was payable to the person named in the check, and the name alleged in the indictment signed to it. In the case of Henderson v. The State, 14 Texas, 511, it is said: "It is well settled in trials for forgery, as well as in other cases, that if the original forged paper is lost or destroyed, secondary evidence of its contents may be received" (citing 3 Arch. Cr. P'l'd., 555, 6th ed.). The next best evidence which the nature of the case admits of and which it is in the power of the party to produce will be admitted (3 Greenl. Ev., sec. 107; Underhill on Ev., sec. 425, and cases cited). Such was the evidence produced in this case, and there was no error in its admission over the obpections made. Neither was there error in refusing to permit appellant to prove by the witness that he knew the first count in the indictment was bad. The court had quashed the first count because of defect therein, and it was not before the jury. The same ruling applies to the other attaches of the county attorney's office.

There was no error in refusing to continue the case on account of the absence of the witness R. T. Johnson. Appellant was present when Mr. Disterbach testified in the Justice Court and it is not alleged that his testimony on this trial was different from what it was at that time; that Johnson was present at the trial in Justice Court, and not used by appellant, and he had never had any process issued for him. He could not claim surprise at the testimony of Mr. Disterbach, for he had heard it at the examining trial, and if he desired the testimony of the witness Johnson he should have issued process for him before announcing ready for trial.

Neither was there any error in permitting the stenographer to read the testimony of Mr. Disterbach to the jury at their request, subsequent to their retirement. The defendant was present when it was done. Article 735 of the Code Criminal Procedure provides that if the jury disagree as to the statement of any particular witness, they may, upon applying to the court, have such witness again brought on the stand, and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and he shall be further instructed to make his statement in the language used in his examination as nearly as he can. The court states that only that part requested by the jury was repeated. No grounds of objection are stated in the bill other than appellant's counsel was not

present. The court states he tried to find him and could not do so. The objection made presents no error.

It was not necessary to allege the endorsement on the back of the check, as it is shown that it was placed there long subsequent to the execution of the instrument, and not placed thereon until and at the time it was delivered to Disterbach. Crayton v. The State, 47 Texas Crim. Rep., 88, and sec. 381, Branch's Crim. Law.

We have carefully reviewed all the errors alleged, and the court's charge fully submits every issue in the case in an admirable way. Therefore the judgment is affirmed.

*Affirmed.*