## JOHN GANDY v. THE STATE.

### No. 8109.   Decided March 26, 1924.

Rehearing denied April 30, 1924.

**1.—Manufacturing Intoxicating Liquor—Jury and Jury Law.**

Where the jury came into open court to have reproduced a part of the testimony of a certain State's witness, and it was found that said witness had gone to his home, there was no error in reading the testimony from the shorthand reporter touching the matter of identification which the jury wished to hear as the letter of the statute could not be literally complied with.

**2.—Same—Rule Stated—Reproducing Testimony.**

If, however, the procedure followed was not within the purview of the statute mentioned, it was within the inherent power of the court to have the court reporter read in the presence of the court, the appellant and his counsel, the official record of the testimony in question, the same being evidently correct.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error. Distinguishing: Rochetszky v. State, 251 S. W. Rep., 232.

**4.—Same—Rehearing—Identity of the Defendant.**

Where, defendant claimed that his identity was not sufficiently established, but the record showed that it was, there is no reversible error.

Appeal from the District Court of Milam.  Tried below before the Honorable John Watson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*B. C. Matocha*, for appellant.—Cited cases in opinion.

*Tom Garrard*, Attorney for the State and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State relied upon the testimony of the witness Crouch, who testified that he purchased whisky from the appellant.  He was quite definite in his identification, particularly was this true with reference to his cross-examination.

After their retirement, the jury, in the proper manner, expressed the wish to have that part of Crouch's testimony read which related

to his identification of the appellant, or that Crouch be brought into court, and stated that there was a disagreement among them touching his testimony. Efforts were made by the court to recall the witness. He resided in a distant county, however, and had gone to his home. The testimony was closed at eleven o'clock in the morning. Shortly after two o'clock, Crouch asked the State's attorney if he might return to his home, which was in Ellis County. He was told that he could be excused; and the other witnesses were likewise excused. About five o'clock in the afternoon the jury expressed the wish to have Crouch's testimony read. Appellant objected to its reading. The shorthand reporter who had been sworn as an officer of the court produced his notes and read to the jury, both on direct and cross-examination, all of the testimony of Crouch touching the matter of identification of the appellant, in question and answer form, which had been given upon the trial. Article 755, C. C. P., provides in substance that if the jury disagree as to the statement of any particular witness, the witness may be brought upon the stand and be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and shall be instructed to make his statement in the language used in his examination as nearly as he can. In the present case, at the time the jury expressed its disagreement touching the identification of the appellant, the witness was not available. He had been excused after the testimony of both the State and the appellant had been closed. The letter of the statute therefore could not be complied with by putting him on the stand. Appellant claims that the procedure followed was erroneous and prejudicial. The learned trial judge refers to the cases of Moore v. State, 52 Texas Crim. Rep., 364; American National Bank v. Haggerton, 250 S. W. Rep., 279. Reference is also made to Galan v. State, 76 Texas Crim. Rep., 619, 177 S. W. Rep., 124; Wesley v. State, 67 Texas Crim. Rep., 507, 150 S. W. Rep., 197. The court reporter is an officer of the court and under oath as such, and is required upon request of either party to make a certified copy of his transcribed notes. See R. S., Arts. 1920 to 1926. Article 1933, referring to the transcribed notes, says:

"Whenever the state and defendant can not agree as to the testimony of any witness, then and in such event, so much of the transcript of the official shorthand reporter's report with reference to such disputed fact or facts shall be inserted in the statement of facts as is necessary to show what the witness testified to in regard to the same, and constitute a part of the statement of facts and the same shall apply to the preparation of bills of exception."

This section deals with the procedure on appeal. However, Article 755, providing for the reproduction of the testimony of a witness by letting him repeat his former testimony, was enacted before the use of stenographers became general and before the court stenog-

rapher became an officer of the court. It is believed that the procedure followed was in substantial accord with Article 755, C. C. P., supra. If, however the procedure followed was not within the purview of the statute mentioned, it was within the inherent power of the court to have the court reporter read in the presence of the court, the appellant and his counsel, the official record of the testimony in question. Moreover, there is no claim that in the stenographer's reproduction of the testimony there was any inaccuracy or departure from the testimony of the witness given upon the stand, and which he would have given had he been called. Under the circumstances, there is an absence of injury and a reversal should not result from the action taken.

A detailed review of the evidence is not deemed necessary or desirable. The identification of the appellant by the witness was definite and there is nothing in the other testimony in the case which casts doubt upon it; at least, nothing which would warrant this court in concluding that the jury was not justified in accepting the evidence in question. The case of Rochetszky v. State, 94 Texas Crim. Rep., 423, 251 S. W. Rep., 232, and those cited therein are distinguishable from the present one.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### April 30, 1924.

LATTIMORE, JUDGE.—Appellant bases his motion for rehearing solely upon the insufficiency of the testimony, and in view of his insistence we have again carefully examined the facts. We regret that we cannot agree with appellant's contention that his identity is not fully shown by the State witness as being the party who sold him the liquor in question. In addition to his identification based on appearance, dress, etc., which would seem sufficient alone, we note that the witness testified that the young man from whom he bought the liquor, stuttered. From the testimony of other witnesses it is made to appear that appellant stuttered. We have no difficulty in concluding upon a careful examination of the facts that the conclusion of the jury is sufficiently supported.

The motion for rehearing will be overruled.

*Overruled.*