CLIFFORD BOX v. THE STATE.

No. 13026. Delivered February 19, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 538.

The opinion states the case.

*A. G. Mueller* of Llano, for appellant,

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, two years in the penitentiary.

Some time between five o'clock of the afternoon of February 7th and the following morning a mercantile store belonging to Sampson Faris was burglarized at Tow, Texas. A window had been opened and several pair of trousers lying on a table near this window were taken. Appellant was seen by witnesses with a bundle on the night of this alleged burglary, which he placed between his mattresses. He said to a witness that "they were britches, and that he got them out of the Faris store. He said that J. McCormack and Homer Alexander were with him at the time he got them out of that store." It also appears defensively that the stolen property was taken back to the owner the next morning by appellant and another before his arrest.

Several bills of exception appear in the record but none of them bear any file mark and cannot be considered for this reason. Oliver v. State, 58 Tex. Crim. Rep. 50; Branch's P. C., Sec. 219.

No exceptions appear to have been taken to the Court's charge. The Court omitted entirely to submit any defensive charge, either affirmatively or by way of stating the converse of the State's theory, but we are not authorized to consider errors, if any, in such charge in the absence of exceptions properly raising such questions during the trial.

Finding the evidence sufficient and no errors which we can consider appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The contention in the motion for rehearing that the evidence fails to show a breaking we think is not sustained by the testimony. That the appellant was in possession of the property stolen from the alleged burglarized premises was proved without controversy; that he stated that the property came from the Faris store and that McCormack and Alexander were with him at the time it was taken; that the store was opened by raising the window. This was repeated several times in the testi-

mony of the witness, Calvin Cornelius. The owner of the store testified that the windows and doors were all closed when she left the building in the evening. She did not know whether or not she locked the windows, but she usually kept them fastened.

In the present condition of the record, the bills of exception have been considered. There is no reversible error shown by the reception of the testimony of the witness, Mrs. W. S. Faris that it was the custom of her husband to close the store. There is other testimony showing that the store was closed. The bill is quite insufficient to show error. Nor was there error in proving that the appellant Box had frequently been in the burglarized store prior to the burglary. His familiarity with the premises was a pertinent subject of inquiry. Neither is error shown by the bill complaining of the reading in the presence of the jury in open court the stenographer's notes of a part of the testimony of Oliver Box. Under certain circumstances, the reading of the stenographer's notes in open court in the trial of a case has been given sanction by this court. See Byrd v. State, 90 Tex. Cr. R. 418; Gandy v. State, 97 Tex. Cr. R. 334. In the present instance the circumstances or facts which were before the trial court and which impelled his action are not brought forward in the bill, nor does the bill state the testimony of the witness Box or reveal in any manner in what particular the reading of the testimony could have prejudiced the rights of the accused further than to state that it emphasized the testimony of the witness.

The motion is overruled.

*Overruled.*