## WENDALL CLARK V. THE STATE.

No. 16814.   Delivered June 13, 1934.
Rehearing Denied October 24, 1934.
Reported in 75 S. W. (2d) 107.

The opinion states the case.

*Gentry & Gray,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Lewis Swinney by shooting him with a pistol.

The opinion on a former appeal is found reported in 61 S. W. (2d) at page 517. The testimony adduced on the present trial is substantially the same as that found in the record on the former appeal. Hence the opinion formerly rendered is referred to for a statement of the evidence.

Bill of exception No. 1 recites that State's witness Melvin Swinney testified on direct examination that appellant threatened to kill the witness as well as deceased, and reached in his pocket for a gun, which dropped on the floor. It is further recited in the bill that upon cross examination it developed that the witness saw no gun, and that appellant's counsel requested the court to instruct the jury to disregard the testimony of the witness as to seeing the gun. The bill is qualified by the trial judge with the statement that two witnesses testified that they saw appellant with a pistol on the occasion in question. The opinion is expressed that the bill of exception, as qualified, fails to present reversible error.

Bill of exception No. 2 presents the following occurrence: There had been no disagreement among the jurors as to what the testimony of any witness was. When the district attorney was making his closing argument he advised the jury that he had the court reporter transcribe a portion of the testimony of the witness Will Stamps and of the appellant. Appellant objected to the reading of such testimony on the ground that it was improper, prejudicial, and unduly emphasized the testimony of said witnesses. The objection was overruled by the court with the statement that if any member of the jury had any question as to the correctness of the statements the reporter might be called to verify same. The district attorney then read excerpts from the testimony of the witnesses. The bill is qualified by the trial judge with the statement that the district attorney in his closing argument stated that one of appellant's counsel had misquoted the testimony of Stamps and of appellant, and for that reason he had requested the court reporter to copy portions of said testimony in question and answer form, and that if the jury had any doubt as to whether appellant's counsel was correct he could have the testimony reproduced. Appellant contends that under the provisions of article 678, C. C. P., the procedure in question was unauthorized. We quote the article as follows:

"If the jury disagree as to the statement of any witness,

they may, upon applying to the court, have such witness recalled, and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, and as nearly as he can in the language he used on the trial."

The foregoing article was construed by this court in Gandy v. State, 261 S. W., 145. In that case the jury expressed its disagreement touching the identification of the appellant. The witness who had identified the appellant was not available, having been excused after the testimony had been closed. The court reporter produced his notes and read to the jury, both on direct and cross examination, all of the testimony of the witness touching the matter of identification. This was done over the objection that the procedure was not in compliance with article 755, C. C. P. (now article 678, C. C. P.) This court held that the procedure was in substantial accord with the statute. Further, it was said in the course of the opinion that if the procedure followed was not within the purview of the statute, that it was within the inherent power of the court to have the court reporter read, in the presence of the court, the appellant and his counsel, the official record of the testimony in question. Again, in the opinion, the court used language as follows:

"Moreover, there is no claim that in the stenographer's reproduction of the testimony there was any inaccuracy or departure from the testimony of the witness given upon the stand, and which he would have given, had he been called. Under the circumstances, there is an absence of injury, and a reversal should not result from the action taken."

See also Woods v. State, 10 S. W. (2d) 90.

It is true that the situations here and in Gandy's case are in some respects dissimilar, as in the present case there was no disagreement expressed by the jury and no request that the testimony be reproduced. However, that part of the opinion in Gandy's case hereinbefore quoted supports our conclusion that, in the absence of a showing of injury, the procedure in question—if unauthorized—would not work a reversal. There is no showing that the excerpts read by the district attorney were inaccurate or a departure from the testimony of the witnesses. Under the circumstances, there is no showing of injury. We do not decide whether the procedure in question was unauthorized.

In pronouncing sentence, the court failed to make application of the Indeterminate Sentence Law. The sentence is reformed in order that it may be shown that appellant is con-

demned to confinement in the penitentiary for not less than two nor more than five years.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews practically the same complaints in his motion for rehearing, as upon the original submission. Responding to the motion, we have examined the record again. A son of deceased testified on direct examination that after appellant had threatened him at a dance some months before this killing, appellant reached in his pocket and pulled out a gun, which he dropped on the floor; that some one took the gun out and witness did not see it. On cross examination this witness repeated what he had said, and added that this "Was what they said." Appellant objected and asked the court to instruct the jury not to consider "that answer." The court declined to do so, saying that appellant's counsel drew out the statement. If there was any question as to the propriety of the court's action in this regard, the harmless effect of the testimony appears beyond question from facts noted in our former opinion, viz: that it was in testimony from two other persons who were nearer appellant than the witness who made the statement,—and that each of said two other parties testified that appellant had a pistol on the occasion in question.

We see no reason to alter our conclusion announced in our former opinion, the substance of which was that it was not error for the prosecuting attorney to stand before the jury in his closing argument and hold in his hand a paper which he said contained the testimony of a certain witness as written out by the court stenographer, and that he wanted the jury to get the testimony of said witness correctly because it had been misstated by appellant's attorney. As we have before said, there was no claim on the part of appellant that the paper did not contain a correct transcription of the testimony of the witness. In the absence of some showing of that fact, we think no error was committed.

The motion for rehearing is overruled.

*Overruled.*