**David Leo PHILLIPS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46394.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

---

Ray D. Anderson, Brownfield, for appellant.

E. W. Boedeker, Dist. Atty., Levelland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, three (3) years.

On December 28, 1968, appellant presented a check to United Supermarket cashier June Tucker, who showed it to Store Manager Charles Soehngen before she cashed it. The check was payable to Dale Crayton and signed by Larry Houser.

■ Appellant's first ground of error arises out of the absence of his counsel at a line-up. Witness Tucker identified the appellant, without objection, as the person who passed the check in question to her. On cross-examination she stated that sometime after the incident in question she went to the Sheriff's Office in Levelland and identified appellant in a one-to-one confrontation. Soehngen also identified appellant during the trial, but it was established that he had not participated in any pretrial identification. There was no objection to any of this testimony and no reason shown for not making a timely objection. There was ho request for a hearing to determine if the identification was tainted. Under such a record nothing is presented for review. Montoya v. State, Tex.Cr.App., 464 S.W.2d 853. Timely objections to identification should be made at the first opportunity. Taylor v. State, Tex.Cr.App., 474 S.W.2d 207, and cases therein cited. See also Garcia v. State, Tex.Cr.App., 472 S.W.2d 784; and Jones v. State, Tex.Cr.App., 471 S.W.2d 413.

Ground of error number 2 challenges the order of cumulation whereby the Honorable M. C. Ledbetter, Judge of the 121st Judicial District, cumulated the punishment assessed in this Terry County cause with the punishment assessed in a prior conviction in Hockley County.[1]

The cumulation order included in appellant's sentence reads:

"And the said DAVID LEO PHILLIPS having in the 121st Judicial District Court of Hockley County, Texas, in Criminal Cause No. 1232, been convicted by judgment entered on the 6th day of May, 1969, and having been sentenced in accordance with said conviction on the 3rd day of June, 1969, by said Court and prior to this conviction, it is further ordered and adjudged that the sentence herein imposed against the said Defendant, DAVID LEO PHILLIPS, shall begin when the judgment and sentence in said Cause No. 1232 shall have ceased to operate."

It is apparent in this order:

(1) that the number of the Court and the county in which the prior conviction occurred are set forth,

(2) that the number of the cause of the prior conviction is set forth, and

(3) that the date of the sentence in the prior conviction is set forth.

Appellant contends the order is insufficient to cumulate the sentences because it lacks one of the four details concerning the prior conviction required in a valid cumulation order.

■ In Ex parte Hamilton, 163 Tex.Cr. R. 283, 290 S.W.2d 673, it was pointed out that an order of cumulation should give (a) the number of such prior conviction, (b) the correct name of the court in which the prior conviction occurred, (c) the date of the prior conviction and (d) the term of years assessed in the prior case.

Further, this court has recommended that it would be desirable to include the name or nature of the offense for which the defendant has been previously convicted. Ex parte Lewis, Tex.Cr.App., 414 S.W.2d 682; Ex parte March, Tex.Cr.App., 423 S.W.2d 916. See also Willson's Criminal Forms Anno. 7th Ed., Sections 2930 and 2969.

An examination of the cumulation order here involved fails to name the offense for which the appellant was convicted and the

1. Terry and Hockley Counties are both in Judge Ledbetter's 121st Judicial District.

Cf. Bridges v. State, Tex.Cr.App., 468 S.W.2d 451.

term of years assessed. It does include the number of the prior conviction, the correct name of the court, the county where the conviction occurred, and the date of the prior conviction.

Despite the lack of some of the specific recitals recommended, this court has held *cumulation orders* valid when such orders contained two, rather than three, details of the prior conviction. Ex parte Shields, Tex.Cr.App., 371 S.W.2d 395; Ex parte Lewis, supra, and cases there cited.

 The instant cumulation order contains three of the recommended details and we deem it sufficient although it may leave much to be desired. Trial judges are admonished to include all of the recommended details in cumulation orders, so that the authorities of the Texas Department of Corrections may know with certainty how to carry out the orders of the court. Ex parte Collier, 156 Tex.Cr.R. *377, 243 S.W.2d 177.*

Ground of error number 3 is that the court erred in failing to charge on the law of circumstantial evidence.

 We find neither an objection to the court's charge nor a written request for a charge on circumstantial evidence. Nothing is presented for review. Freeman v. State, Tex.Cr.App., 464 S.W.2d 151, and the cases cited therein.

 Ground of error number 4 is a claim that the evidence is insufficient to support the conviction. He claims the evidence does not reflect that appellant had knowledge that the instrument was forged. The evidence shows that appellant falsely represented himself as the payee of the check, endorsed it in Tucker's presence, and gave false information about the identity of the maker of the check to Soehngen. This is sufficient to establish appellant's knowledge that the instrument was false. Wesley v. State, 67 Tex.Cr.R. 507, 150 S.W. 197; Newby v. State, Tex.Cr.

App., 384 S.W.2d 133; Adams v. State, Tex.Cr.App., 434 S.W.2d 866.

Finding no reversible error, the judgment is affirmed.