

**NUMBER 13-07-00043-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FRANK LEONARD HASLEY, JR.,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

**On appeal from the 260th District Court
of Orange County, Texas**

---

## MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela
Memorandum Opinion by Justice Vela**

A jury found appellant, Frank Leonard Hasley, Jr., guilty of possessing less than one gram of cocaine[1] and, after finding that he had two prior felony convictions, assessed punishment at fifteen years' imprisonment.  Hasley appeals through an attorney-written

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a)-(b) (Vernon 2003 & Supp. 2007).

brief and a *pro-se* supplemental brief,[2] with a total of four issues, arguing ineffective assistance of trial counsel and improper sentencing. We affirm.

## I. Background

On August 11, 2004, Hasley was approached by two City of Orange police officers. As they neared, he reached behind himself and threw onto the ground several small items, some of which were later identified as .13 grams of cocaine. The officers arrested Hasley and at first tried to use him as an informant. When police found him ill-suited for this task, they decided to end the informant relationship and file charges with the district attorney's office.

At trial on October 30, 2006, he pleaded not guilty. That same day, a jury found him guilty. The court immediately advanced to the punishment phase, where the State submitted two enhancement allegations: a 1978 conviction for burglary and a 1989 conviction for delivery of a controlled substance. Hasley pleaded true to both.[3] These enhancements elevated Hasley's conviction from a state-jail felony to a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2007). Defense counsel then moved for, and was granted, a continuance until the next day, as she had only issued subpoenas for defense witnesses that morning. When the trial resumed on October 31, defense counsel again moved for a continuance because three of the five defense witnesses could not be served. One, Ronald Hackney, a parole officer, was on medical leave and could not be reached. A second, Dr. Fermo, was out of town until the next day. A third, Sally Burman, a drug counselor, was not in her office. The trial judge recessed to telephone Burman. When court reopened, Burman was in the courtroom but did not have

---

[2]On May 3, 2007, this Court granted Hasley's motion to file the pro-se supplemental brief.

[3]Hasley had a total of eight prior felony convictions.

Hasley's records and said that only Dr. Fermo could retrieve them. Defense counsel said that these records were evidence of Hasley's drug treatment. The trial judge said that Hasley's history of treatment was irrelevant and denied the defense's motion for a continuance. The trial judge asked Burman whether she could testify to Hasley's character, and Burman said that she could not. The defense declined to call any of the three witnesses then present and rested without presenting evidence.

The jury sentenced Hasley to fifteen years in prison. The trial judge then ordered that this sentence be served consecutively with the remainder of a fifty-year sentence Hasley had received in 1989, for which he was then on parole. Hasley now appeals to this Court.

## II. Ineffective Assistance of Counsel

The sole issue asserted in Hasley's attorney-written brief and the third issue asserted in Hasley's *pro-se* supplemental brief contend that Hasley received ineffective assistance of trial counsel. The primary brief claims that defense counsel's subpoenaing of witnesses only on the day of the trial and subsequent decision to present no evidence during the punishment phase constituted ineffective assistance of counsel.

## A. Standard of Review

To prove ineffective assistance of trial counsel, an appellant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). First, he must show counsel's representation fell below an objective standard of reasonableness. Second, he must show there is a reasonable probability that, but for counsel's errors, the result of the trial proceedings would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. To

3

determine whether this test has been satisfied on appeal is to judge by the totality of the representation, not by isolated acts or omissions. *Jayne v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Generally, isolated failures by counsel do not constitute error in light of the sufficiency of the overall representation. *Id*. In order for an appellant to overcome this Court's presumption of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). The burden of proof is on the appellant, who must establish his or her claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

### B. Analysis

Hasley asserts his trial attorney did not reasonably investigate mitigating factors for sentencing. There is nothing in the record to support this assertion, however. When the record is silent regarding the adequacy of an attorney's investigation, we cannot assume that it was inadequate. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

Hasley also asserts that it was unreasonable for his attorney to only issue subpoenas on the day of the trial. The court, though, recessed until the next day, when three of Hasley's five subpoenaed witnesses were present. Of the other two, Hasley does not provide this Court any evidence of how issuing subpoenas earlier would have changed the outcome of the punishment phase. Nor do we know what Dr. Fermo may have said. In *Hernandez*, the court of criminal appeals held that a failure to issue subpoenas before

4

the day of the trial, even if it resulted in witnesses not appearing, does not constitute ineffective assistance of counsel when there is nothing in the appellate record detailing the potential testimony. *Hernandez*, 726 S.W.2d at 58. Similarly, here we have no basis in evidence for believing that defense counsel's complained-of behavior altered the result to Hasley's detriment.

The fact that the defense put on no evidence during the punishment phase likewise does not, by itself, show that Hasley was ineffectively represented. Defense counsel's decision to not submit evidence can be a strategic choice rather than a sign of ineffectiveness. *See Ex parte Kunkle*, 852 S.W.2d 499, 506 (Tex. Crim. App. 1993). In this case, Hasley does not show us what evidence should have been presented, thus we have no basis for overcoming the presumption that defense counsel behaved reasonably. The issue is overruled.

In his *pro-se* supplemental brief, Hasley claims he would have pleaded guilty had his attorney advised him his previous felony convictions would enhance his sentence.[4] We find no authority, however, for the proposition that the right to effective assistance of counsel protects a defendant who pleaded not guilty while ignorant of the consequences. The authorities Hasley cites all deal with defendants who pleaded guilty. We overrule this issue.

### III. Consecutive Sentences

In his *pro-se* supplemental brief, Hasley asserts two issues regarding his sentencing. In the first, he argues he was entitled to notice that the sentences would run

---

[4]This claim is brought into question by the trial transcript, where Hasley makes a special point of noting that until the day of the trial he believed he was facing a sentence range of fifteen to ninety-nine years. The actual range, with enhancements, was two to twenty years.

consecutively. As part of this same issue, he argues the trial court's cumulation order was improper.

## A. Standard of Review

Texas law generally gives trial courts discretion over whether sentences for subsequent convictions will run consecutively or concurrently with sentences from previous convictions. *See* TEX. CODE. CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006). An appellant has no right to a concurrent sentence. *Carney v. State*, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978); *Garza Garza v. State*, 788 S.W.2d 651, 657 (Tex. App.–Corpus Christi 1990, no writ). The defendant is not entitled to prior notice before a trial judge orders that sentences be served consecutively. *Tyson v. State*, 172 S.W.3d 172, 176 (Tex. App.–Fort Worth 2005, pet. ref'd.); *see also Millslagle v. State*, 150 S.W.3d 781, 784-85 (Tex. App.–Austin 2004, pet. ref'd, untimely filed).

A judge's order that sentences run consecutively should generally specify (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction and (4) the term of years assessed in the prior case. *Phillips v. State*, 488 S.W.2d 97, 99-100 (Tex. Crim. App. 1972). For an appellate court to find a cumulation order void, an appellant must show that the Texas Department of Criminal Justice Institutional Division (TDCJ) is improperly calculating his sentence. *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).

## B. Application of Law to Facts

In this case, Hasley has shown no evidence that the trial judge abused his discretion by ordering that Hasley's sentences run consecutively. Hasley was not entitled to notice beforehand that the trial judge would do so. When the trial judge delivered Hasley's

6

sentence orally in court, he failed to mention the term of years assessed in the prior case. The written judgement, however, includes all of the details recommended in *Phillips*. This was sufficiently specific. *See Phillips*, 488 S.W.2d at 100. Hasley makes no allegation that TDCJ has improperly calculated his sentence. Thus, there is no evidence supporting Hasley's argument. We overrule the issue.

## IV. Sentence Enhancement

In the second issue regarding his sentence, Hasley argues there was insufficient proof of the enhancement paragraphs. At trial, however, he pleaded true to both of them, and had an opportunity to present evidence that they were false. He did not, and he cites no evidence or authority now for why we should order a new trial on the matter. Hasley asserts, as a matter of contract law, that his 1978 conviction could not be used to enhance this sentence because it was a plea agreement and in 1978 he did not agree to have it used to enhance future sentences. We find no authority to support this argument, and Hasley cites none. We overrule the issue.

## V. Conclusion

We affirm the trial court's judgment.


ROSE VELA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.

7