NUMBER 13-07-00043-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FRANK LEONARD HASLEY, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 260th District Court 

of Orange County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Vela



 A jury found appellant, Frank Leonard Hasley, Jr., guilty of possessing less than one
gram of cocaine (1) and, after finding that he had two prior felony convictions, assessed
punishment at fifteen years' imprisonment. Hasley appeals through an attorney-written
brief and a pro-se supplemental brief, (2) with a total of four issues, arguing ineffective
assistance of trial counsel and improper sentencing. We affirm.

I. Background


 On August 11, 2004, Hasley was approached by two City of Orange police officers. 
As they neared, he reached behind himself and threw onto the ground several small items,
some of which were later identified as .13 grams of cocaine. The officers arrested Hasley
and at first tried to use him as an informant. When police found him ill-suited for this task,
they decided to end the informant relationship and file charges with the district attorney's
office.

 At trial on October 30, 2006, he pleaded not guilty. That same day, a jury found him
guilty. The court immediately advanced to the punishment phase, where the State
submitted two enhancement allegations: a 1978 conviction for burglary and a 1989
conviction for delivery of a controlled substance. Hasley pleaded true to both. (3) These
enhancements elevated Hasley's conviction from a state-jail felony to a second-degree
felony. See Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2007). Defense counsel
then moved for, and was granted, a continuance until the next day, as she had only issued
subpoenas for defense witnesses that morning. When the trial resumed on October 31,
defense counsel again moved for a continuance because three of the five defense
witnesses could not be served. One, Ronald Hackney, a parole officer, was on medical
leave and could not be reached. A second, Dr. Fermo, was out of town until the next day. 
A third, Sally Burman, a drug counselor, was not in her office. The trial judge recessed to
telephone Burman. When court reopened, Burman was in the courtroom but did not have
Hasley's records and said that only Dr. Fermo could retrieve them. Defense counsel said
that these records were evidence of Hasley's drug treatment. The trial judge said that
Hasley's history of treatment was irrelevant and denied the defense's motion for a
continuance. The trial judge asked Burman whether she could testify to Hasley's
character, and Burman said that she could not. The defense declined to call any of the
three witnesses then present and rested without presenting evidence.

 The jury sentenced Hasley to fifteen years in prison. The trial judge then ordered
that this sentence be served consecutively with the remainder of a fifty-year sentence
Hasley had received in 1989, for which he was then on parole. Hasley now appeals to this
Court.

II. Ineffective Assistance of Counsel


 The sole issue asserted in Hasley's attorney-written brief and the third issue
asserted in Hasley's pro-se supplemental brief contend that Hasley received ineffective
assistance of trial counsel. The primary brief claims that defense counsel's subpoenaing
of witnesses only on the day of the trial and subsequent decision to present no evidence
during the punishment phase constituted ineffective assistance of counsel.

A. Standard of Review


 To prove ineffective assistance of trial counsel, an appellant must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). First, he must show counsel's
representation fell below an objective standard of reasonableness. Second, he must show
there is a reasonable probability that, but for counsel's errors, the result of the trial
proceedings would have been different. See Strickland, 466 U.S. at 694. "A reasonable
probability is a probability sufficient to undermine confidence in the outcome." Id. To
determine whether this test has been satisfied on appeal is to judge by the totality of the
representation, not by isolated acts or omissions. Jayne v. State, 216 S.W.3d 839, 851
(Tex. App.-Corpus Christi 2006, no pet.). Generally, isolated failures by counsel do not
constitute error in light of the sufficiency of the overall representation. Id. In order for an
appellant to overcome this Court's presumption of reasonable professional assistance,
"'any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.'" Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005) (quoting Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999)). The burden of proof is on the appellant, who must establish his or her
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998). 

B. Analysis


 Hasley asserts his trial attorney did not reasonably investigate mitigating factors for
sentencing. There is nothing in the record to support this assertion, however. When the
record is silent regarding the adequacy of an attorney's investigation, we cannot assume
that it was inadequate. See Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986).

 Hasley also asserts that it was unreasonable for his attorney to only issue
subpoenas on the day of the trial. The court, though, recessed until the next day, when
three of Hasley's five subpoenaed witnesses were present. Of the other two, Hasley does
not provide this Court any evidence of how issuing subpoenas earlier would have changed
the outcome of the punishment phase. Nor do we know what Dr. Fermo may have said. 
In Hernandez, the court of criminal appeals held that a failure to issue subpoenas before
the day of the trial, even if it resulted in witnesses not appearing, does not constitute
ineffective assistance of counsel when there is nothing in the appellate record detailing the
potential testimony. Hernandez, 726 S.W.2d at 58. Similarly, here we have no basis in
evidence for believing that defense counsel's complained-of behavior altered the result to
Hasley's detriment.

 The fact that the defense put on no evidence during the punishment phase likewise
does not, by itself, show that Hasley was ineffectively represented. Defense counsel's
decision to not submit evidence can be a strategic choice rather than a sign of
ineffectiveness. See Ex parte Kunkle, 852 S.W.2d 499, 506 (Tex. Crim. App. 1993). In
this case, Hasley does not show us what evidence should have been presented, thus we
have no basis for overcoming the presumption that defense counsel behaved reasonably. 
The issue is overruled.

 In his pro-se supplemental brief, Hasley claims he would have pleaded guilty had
his attorney advised him his previous felony convictions would enhance his sentence. (4) We
find no authority, however, for the proposition that the right to effective assistance of
counsel protects a defendant who pleaded not guilty while ignorant of the consequences. 
The authorities Hasley cites all deal with defendants who pleaded guilty. We overrule this
issue.

III. Consecutive Sentences


 In his pro-se supplemental brief, Hasley asserts two issues regarding his
sentencing. In the first, he argues he was entitled to notice that the sentences would run
consecutively. As part of this same issue, he argues the trial court's cumulation order was
improper.

A. Standard of Review


 Texas law generally gives trial courts discretion over whether sentences for
subsequent convictions will run consecutively or concurrently with sentences from previous
convictions. See Tex. Code. Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). An appellant
has no right to a concurrent sentence. Carney v. State, 573 S.W.2d 24, 27 (Tex. Crim.
App. 1978); Garza Garza v. State, 788 S.W.2d 651, 657 (Tex. App.-Corpus Christi 1990,
no writ). The defendant is not entitled to prior notice before a trial judge orders that
sentences be served consecutively. Tyson v. State, 172 S.W.3d 172, 176 (Tex. App.-Fort
Worth 2005, pet. ref'd.); see also Millslagle v. State, 150 S.W.3d 781, 784-85 (Tex.
App.-Austin 2004, pet. ref'd, untimely filed).

 A judge's order that sentences run consecutively should generally specify (1) the
cause number of the prior conviction, (2) the correct name of the court in which the prior
conviction occurred, (3) the date of the prior conviction and (4) the term of years assessed
in the prior case. Phillips v. State, 488 S.W.2d 97, 99-100 (Tex. Crim. App. 1972). For an
appellate court to find a cumulation order void, an appellant must show that the Texas
Department of Criminal Justice Institutional Division (TDCJ) is improperly calculating his
sentence. Ex parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).

B. Application of Law to Facts


 In this case, Hasley has shown no evidence that the trial judge abused his discretion
by ordering that Hasley's sentences run consecutively. Hasley was not entitled to notice
beforehand that the trial judge would do so. When the trial judge delivered Hasley's
sentence orally in court, he failed to mention the term of years assessed in the prior case. 
The written judgement, however, includes all of the details recommended in Phillips. This
was sufficiently specific. See Phillips, 488 S.W.2d at 100. Hasley makes no allegation that
TDCJ has improperly calculated his sentence. Thus, there is no evidence supporting
Hasley's argument. We overrule the issue.

IV. Sentence Enhancement


 In the second issue regarding his sentence, Hasley argues there was insufficient
proof of the enhancement paragraphs. At trial, however, he pleaded true to both of them,
and had an opportunity to present evidence that they were false. He did not, and he cites
no evidence or authority now for why we should order a new trial on the matter. Hasley
asserts, as a matter of contract law, that his 1978 conviction could not be used to enhance
this sentence because it was a plea agreement and in 1978 he did not agree to have it
used to enhance future sentences. We find no authority to support this argument, and
Hasley cites none. We overrule the issue.

V. Conclusion


 We affirm the trial court's judgment.



 ROSE VELA 

 Justice

Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 3rd day of July, 2008.
1. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a)-(b) (Vernon 2003 & Supp. 2007).
2. On May 3, 2007, this Court granted Hasley's motion to file the pro-se supplemental brief.
3. Hasley had a total of eight prior felony convictions.
4. This claim is brought into question by the trial transcript, where Hasley makes a special point of
noting that until the day of the trial he believed he was facing a sentence range of fifteen to ninety-nine years. 
The actual range, with enhancements, was two to twenty years.