## MINTER MOORE V. THE STATE.

### No. 7867.   Decided November 28, 1923.

#### 1.—Burglary—Special Owner—Agent.

Where the party alleged as owner was the agent of the railway company at the time of the alleged burglary, and in charge of the company's affairs at the time, the ruling of the court that the ownership was properly laid is supported by many precedents and there is no error.   Following Modica v. State, 251 S. W. Rep., 1050.

#### 2.—Same—Continuance—Want of Diligence—Second Application.

Where the application for continuance was a second one, and failed to comply with the rule of diligence in that it did not disclose that the witnesses had not previously disobeyed a subpoena, and besides the testimony was cumulative, there was no error in overruling same.

#### 3.—Same—Sufficiency of the Evidence—Motion for New Trial.

Where the motion for new trial, based on the overruling of the application for continuance was not supported by the affidavit of the absent witnesses, and in the light of the record this court would not be warranted in granting a new trial, the judgment must be affirmed.

Appeal from the District Court of Jones.   Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of burglary;   penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary;   punishment fixed at confinement in the penitentiary for a period of two years.

A box car on the track of the Kansas City, Mexico & Orient Railway Company, at the village of Sagerton, was partly loaded with freight, billed for Vernon, Texas.   The car was closed in the evening and sealed with the seal of that company.   O. B. Poole was the agent of the railroad company.   He directed the placing of the car and placed the seal upon it.   He was the agent in charge of the company's affairs at the station mentioned.   The facts disclosing that the car and the railroad track upon which it was situated belonged to the railroad corporation resulted in no variance.   Poole was the special owner.   The ruling of the court that the ownership was properly laid in the agent Poole is supported by many precedents.   See White v. State, 21 Texas Crim. App. 231;   Thurmond v. State, 30 Texas

Crim. App., 539; Modica v. State, 94 Texas Crim. Rep., 403, 251 S. W. Rep., 1050.

Two persons purporting to be eyewitnesses testified that they saw the appellant engaged in removing property from the car. Other evidence showed that the car had been closed and sealed and that the seal had been broken. The property that had been removed was afterwards found.

Appellant advanced the theory of alibi. According to his theory, he, on the night on which the offense occurred, had been requested by a stranger to go to the village of Peacock, about thirty-five miles distant. Appellant owned an automobile which he used as a service car. The man's name was Whatley, and the appellant took him to the village of Peacock to the home of Jim Brister, reaching there about twelve o'clock at night. Appellant remained there only long enough to put some water in the radiator of his car.

A second application for a continuance was made to secure the testimony of five witnesses supporting the defense of alibi. The indictment was filed in Haskell County in April, 1922, and in December of that year the case was transferred to Jones County, where it was tried in January, 1923. Subpoenas had been issued commanding the attendance of the witnesses in Haskell County on November 20, 1922. The record is silent as to whether any of these witnesses save one had ever obeyed the subpoenas. One of the witnesses mentioned in the application had gone to California several months before the trial with appellant's knowledge, and no effort was made to secure his deposition. Two of the witnesses were husband and wife, and their testimony, as set out in the application, is the same. The wife appeared and gave evidence on the trial. The alleged testimony of the other witnesses was cumulative in effect as several witnesses testified to various details tending to support the appellant's theory of alibi; at least, going to show that about the time of the offense, he was requested to take a man to Peacock and that he was seen in his car in company with a man at points between Sagerton and Peacock. The court in holding that the trial court, in refusing to continue the application being the second one, it fails to comply with the rule of diligence in that it does not disclose that the witnesses had not previously disobeyed the subpoena. The testimony of all of the witnesses was in its nature cumulative, and generally speaking, a second application will not be granted to secure cumulative testimony.

The record does not present a condition which would justify this case, abused its discretion. All of the witnesses save the one in California were nearby. The motion for a new trial was supported by the affidavits of none of them. In the light of the record and the evidence heard, this court would not be warranted in ordering a reversal of the judgment on account of the refusal to grant a new trial.

The judgment is affirmed.

*Affirmed.*