DANA MOORE v. THE STATE.

No.18558.   Delivered November 12, 1936.
Rehearing Denied December 16, 1936.

The opinion states the case.

*Emmet Thornton,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of mules; the punishment, confinement in the penitentiary for two years.

Desmond Moore testified, in substance, as follows: On the night of the 6th of January, 1936, two mules were taken from his pasture. He had worked the animals during the afternoon, and put them up at dark. On the 9th of January, 1936, he recovered the mules in Texarkana from Ben Owens.

Mr. Owens testified that he bought the mules from appellant on the morning of the 7th of January, 1936. John D. Rhodes was present with appellant.

Appellant did not testify. John D. Rhodes, a witness for appellant, testified that he and appellant had been hired by Pete Enix to haul the mules to Texarkana and sell them. All they received was twenty dollars for their services. He testified, further, that on the night of January 6, 1936, he, appellant and Pete Enix drove to the country a little after dark. He and appellant remained in the truck and Enix went into a pasture. In about fifteen minutes he returned with the two mules and they were loaded into the truck. Enix stated that the pasture belonged to him, and declared that the mules belonged to him. After the mules had been sold in Texarkana the proceeds of the sale were delivered to Enix.

Witnesses for appellant also testified that Enix had endeavored to sell them some mules. In rebuttal, the State introduced Enix, who denied any participation in the theft of the

mules. Moreover, he denied that he had received any money from appellant or Rhodes.

Appellant filed a second application for a continuance based on the absence of several witnesses. In the qualification to the bill of exception bringing the application forward the trial court states that all but three of the witnesses named in the application appeared and testified. Again, the qualification states that the testimony it was alleged the witnesses would give was cumulative of that adduced upon the trial. If we should consult the statement of facts, we find that the testimony of said witnesses was merely cumulative. It is the general rule that a second application for a continuance will not be granted for cumulative testimony. Flores v. State, 32 S. W. (2d) 858; Moore v. State, 255 S. W., 1111. We think the rule is applicable to the present situation. Hence error is not presented.

The court instructed the jury, as follows:

"Although you may believe from the evidence beyond a reasonable doubt that the two mules in controversy were, at the time and place alleged in the indictment, unlawfully and fraudulently taken from the possession of Desmond Moore, without the consent of the said Desmond Moore, and with the intent to deprive the said Desmond Moore of the value of the same, and, although you may believe from the evidence beyond a reasonable doubt that the defendant, Dana Moore, and one John D. Rhodes, hauled said mules to Texarkana and sold them to the Owens, yet if you believe from the evidence, or have a reasonable doubt thereof, that the said defendant, Dana Moore, and John D. Rhodes were employed by one Pete Enix to so haul and sell said mules, he, the said Pete Enix, representing to the said Dana Moore and John D. Rhodes, that the same belonged to him, and if you further believe from the evidence, or have a reasonable doubt thereof, that the defendant, Dana Moore, relying upon said representations, if any, accepted said employment and, together with the said John D. Rhodes, hauled said mules to Texarkana where they were sold, then the defendant, Dana Moore, would not be guilty of the theft of said mules and you should so find, and say by your verdict 'not guilty.' "

Appellant excepted to the charge, in substance, on the ground that the jury were authorized thereunder to convict him of the offense of theft if they believed he had knowledge of the unlawful acquisition of the mules by Enix. According to the testimony of John D. Rhodes, a witness for appellant, he

and appellant waited near the pasture with the truck while Enix had secured the mules. When Enix returned the three parties loaded the mules on the truck. Enix had told them the animals belonged to him. In short, the affirmative defense of appellant is found in the testimony of the witness Rhodes, as just outlined. Under the testimony, appellant was guilty of participating as a principal in the commission of the theft or else his connection with the stolen animals was innocent. Being present and aiding Enix to take possession of the mules, appellant was guilty of theft if he knew the unlawful intent of Enix. On the other hand, if he believed the mules belonged to Enix, his presence and participation in the taking of the animals would not warrant a conviction for either theft or receiving stolen property. In short, he would have been guilty of no offense. Under the circumstances, the opinion is expressed that the charge could not have prejudiced appellant's rights.

After the case had been given to the jury, they came into open court, in the presence of appellant, and submitted to the court the following request: "We want Ben Owens' testimony in regard to ownership of mules as stated to him (Owens) by Dana Moore." Owens had testified upon the trial, but when the testimony had been concluded, he was excused and had returned to his home in Texarkana. The court, in the presence of appellant, and in open court, had the official court reporter read to the jury from his shorthand notes, the testimony of Mr. Owens touching the declarations made by appellant at the time he sold the witness the mules. This testimony corresponded with that given by the witness upon the trial. It was to the effect that appellant stated to him that the title to the mules was all right, and that he had gotten the mules from a tractor man for whom he was selling them. Appellant's objection to the procedure in question was properly overruled. Art. 678, C. C. P., reads as follows:

"If the jury disagree as to the statement of any witness, they may, upon applying to the court have such witness recalled, and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, and as nearly as he can in the language he used on the trial."

In Gandy v. State, 261 S. W., 145, this court, in construing the foregoing article, used language as follows: ·

"This section deals with the procedure on appeal. However, article 755, providing for the reproduction of the testimony of a witness by letting him repeat his former testimony, was

enacted before the use of stengraphers became general, and before the court stenographer became an officer of the court. It is believed that the procedure followed was in substantial accord with article 755, C. C. P., supra. If, however, the procedure followed was not within the purview of the statute mentioned, it was within the inherent power of the court to have the court reporter read, in the presence of the court, the appellant, and his counsel, the official record of the testimony in question. Moreover, there is no claim that in the stenographer's reproduction of the testimony there was any inaccuracy or departure from the testimony of the witness given upon the stand, and which he would have given, had he been called. Under the circumstances, there is an absence of injury, and a reversal should not result from the action taken."

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant urges that we were wrong in holding the refusal of appellant's application for continuance not hurtfully erroneous. We have carefully gone over the record and are but confirmed in our conclusion that the testimony of the absent witnesses would have been but cumulative, and that our judgment of affirmance was correct.

Appellant's motion for rehearing is overruled.

*Overruled.*