# JANUARY 20, 1943

CLARENCE BENTON BLAND V. THE STATE.

No. 22366. Delivered January 20, 1943.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a two years term sentence in the penitentiary upon his plea of guilty before the court without a jury and from it he brings this appeal.

There are no bills of exception in the record. The facts were introduced sufficient to support the conviction and the appeal is predicated solely upon a claim that the accused was induced to plead guilty upon a promise that his sentence would be fixed to run concurrently with all other cases pending against him except one and that the total time he would be given in the penitentiary should not exceed four years. The facts concerning this agreement were concluded against appellant's contention upon his motion for a new trial.

We find that in passing the sentence upon appellant, the court used the following language: "This sentence is to be cumulative of and in addition to all other sentences heretofore or hereafter imposed against said defendant (there being many cases pending against him) and particularly in addition to and cumulative of the conviction for a similar offense in the District Court of Kaufman County, Texas, and causes Nos. 9054

and 9066 in this county; it being the intention of the court that none of the convictions run concurrent, but that they all be and run cumulative in due order."

It will be observed that neither the date of the Kaufman County conviction nor the term assessed against him there are given. There is no description by which that judgment may be identified. This we consider an essential ingredient of the court's order making one sentence accumulative of another. Without holding that the form must be literally followed, we nevertheless commend Wilson's form No. 986 as being sufficiently specific to identify the previous judgment of conviction and to fix the time at which the present sentence should begin to run.

Reference to another conviction or convictions as "all other sentences heretofore or hereafter imposed" must be considered too indefinite. We think, too, that the court has jurisdiction only to fix the time when the sentence in this particular case should begin to run with reference to existing sentences previously imposed against him and not to future cases. It follows that that portion of the sentence in the instant case, which attempts to make a two year sentence imposed cumulative of any other sentence, is ineffective. The sentence will accordingly be so reformed that the time for which appellant serves in the present case will begin to run as provided by law, independent of any other conviction.

As so reformed, the judgment of the trial court is affirmed.