EX PARTE L. B. WILLIS.

No. 24872. May 10, 1950.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator, in original application to this court, alleges that he is illegally restrained of his liberty because he has served his full sentence of three years, received in Bexar County on June 23, 1948. It is also shown that he received a three year sentence in Wilbarger County on July 2, 1948. No claim is made in the petition that his prison record is such as to give him credit sufficient to have satisfied either of these sentences.

This court will not take evidence in a matter of this character unless substantial allegations are made raising a question which, if settled according to relator's contention, would warrant the relief prayed for.

Attached to relator's application is a certified copy of the sentence in Cause No. 4496, State of Texas v. L. B. Willis, in Wilbarger County. A paragraph attempting to make this sentence cumulative with some other sentence reads as follows: "And this sentence is here made accumulative with the sentence in the District Court of Bexar County, Texas, as where he was sentenced as Leonard B. Willis, or with any other sentence that he may have received. It shall not be concurrent."

Under the many decisions of this court, the description of the sentence to which the one before us should be cumulative is

not sufficient to identify the same with that degree of certainty which will direct the penitentiary authorities in its observation. See Bland v. State, 145 Tex. Cr. R. 267, 167 S.W. 2d 761. This indefiniteness seems to be relied upon by relator as ground for his discharge. While we think it is not effective, the application for writ or habeas corpus is refused because no ground is alleged which would authorize evidence in support of the application.