**Ex parte Adrian John SAN MIGEL.**

**No. 72950.**

Court of Criminal Appeals of Texas,
En Banc.

July 8, 1998.

Adrian John San Migel, Livingston, pro se.

Hollis C. Lewis, Jr., County/District Attorney, Cameron, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

HOLLAND, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and MANSFIELD, KELLER, PRICE and WOMACK, Judges, joined.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of burglary of a building. Punishment was assessed at ten years imprisonment. No appeal was taken from this conviction.

Applicant contends the cumulation order in the instant case is void as it recites only the name of the county of the prior conviction. Applicant is correct that the cumulation order contained in the judgment clearly recites only the name of the county of the prior conviction.[1] This Court has previously held that a cumulation order which recites only the cause number and county of a prior conviction is invalid when the prior conviction is from a different county. *Ex parte Ashe*, 641 S.W.2d 243 (Tex.Crim.App.1982). Prior to our decision in *Ashe*, we had examined similar issues in several other opinions. In *Bland v. State*, 145 Tex.Crim. 267, 167 S.W.2d 761 (Tex.Crim.App.1943), the cumulation order was "ineffective" because it did not contain sufficient information to ascertain upon which prior sentence the conviction was stacked.[2] Subsequent to the opinion in *Bland*, the Court held that a cumulation order was sufficient when it stated the sentence was to begin at the expiration of a sentence previously pronounced on that same date and by the same district court. *Ex*

---

1. The cumulation order on Applicant's judgment contains the following language: "Consecutive to Cause Number from Williamson County case."

2. In *Bland*, the judgment of the court referred to a number of cases in various counties in general terms, and also to all cases against the accused tried, or to be tried, in Ellis County. This included two cases which were referred to by number from that county.

*parte Snow,* 151 Tex.Crim. 640, 209 S.W.2d 931 (Tex.Crim.App.1948). In *Ex parte Lewis,* 414 S.W.2d 682 (Tex.Crim.App.1967), this Court held that a cumulation order referring only to the previous conviction's cause number is sufficient when the trial court entering the order is the same court which heard the prior cause. Additionally, in *Phillips v. State,* 488 S.W.2d 97 (Tex.Crim.App.1972), we specified that a cumulation order should contain:

1. The cause number of the prior conviction;

2. The correct name of the court in which the prior conviction occurred;

3. The date of the prior conviction; and

4. The term of years assessed in the prior case.

■ However, in what appeared to be a retreat from the suggested requirements set out in *Phillips,* the Court held the aforementioned requirements are not absolutes and a cumulation order not setting out all of the requirements may, in some circumstances, be valid. *Ex parte Davis,* 506 S.W.2d 882 (Tex. Crim.App.1974). A valid cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID), to identify the prior with which the newer conviction is cumulated. *Ward v. State,* 523 S.W.2d 681 (Tex.Crim.App.1975).

■ It is not sufficient for a habeas petition to allege the denial of a fair and impartial trial or due process of law, which are mere conclusions of law. *Ex parte Maldonado,* 688 S.W.2d 114 (Tex.Crim.App. 1985). Rather, the applicant must show that the cumulation order was not sufficiently specific and he was harmed by this lack of specificity. Therefore, we hold that an applicant must show the TDCJ–ID is not properly cumulating his sentences in order for a cumulation order to be found void. Our previous cases which hold to the contrary are overruled.

Applicant does not contend that he has been harmed by a lack of specificity in his cumulation order. Indeed, according to the application, the TDCJ–ID is cumulating Applicant's sentence on the correct Williamson County conviction.[3] Applicant has not shown how he was illegally confined by the wording of the cumulation order in the instant case.

Relief is denied.

BAIRD, J., filed a dissenting opinion, in which OVERSTREET and MEYERS, JJ., joined.

BAIRD, Judge, dissenting.

This is a post-conviction application for writ of habeas corpus filed pursuant to Tex. Code Crim. Proc. Ann. art. 11.07. Applicant contends the cumulation order in the instant case is void. His claim is meritorious in light of established statutory and case law. Nevertheless, the majority overrules established precedent and excogitates a new rule of law in order to deny relief. To this conduct, I dissent.

The Legislature has determined what information is necessary in order to cumulate sentences. Tex.Code Crim. Proc. Ann. art. 42.08 (Cumulative or Concurrent Sentences) provides in relevant part:

(a) When the same defendant has been convicted in two or more cases, *judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction.* Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly ... [1]

The Code further provides the requirements for a valid judgment in Tex.Code Crim. Proc. Ann. art. 42.01:

---

3. The Applicant has not shown that there exists another Williamson County conviction upon which this sentence could be stacked.

1. All emphasis supplied unless otherwise indicated.

Sec. 1. A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment. The judgment should reflect, [*inter alia*]:

1. The title and number of the case;

12. The county and court in which the case was tried ...;

13. The offense or offenses for which the defendant was convicted;

14. The date of the offense or offenses and degree of offense for which the defendant was convicted;

15. The term of sentence;

It is the duty of the judiciary to interpret the laws enacted by the Legislature. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr.App. 1991).[2] Consistent with that duty, in *Ex parte Ashe*, 641 S.W.2d 243 (Tex.Cr.App. 1982), we held a cumulation order which only recites the cause number and county of the prior conviction is invalid where the prior conviction is from a different county. This Court held in *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex.Cr.App.1967), "[a] sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof." Additionally, in *Ward v. State*, 523 S.W.2d 681, 682 (Tex.Cr. App.1975), this Court recommended that cumulation orders contain:

(1) the trial court number of the prior conviction;

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction; and

(5) the nature of the prior conviction.

The cumulation order in the case *sub judice* recites only the name of the county of the

prior conviction. The majority's holding that the cumulation order was sufficiently specific is contrary to established law and contrary to the statutory requirements of the Code of Criminal Procedure. Today's additional burden of requiring applicant show TDCJ–ID is not properly cumulating his sentences is without authority. Accordingly, I dissent.

OVERSTREET and MEYERS, JJ., join.

---

**2.** When interpreting a statute we seek to effectuate the intent or purpose of the Legislature; focusing our attention on the literal text of the statute in question and attempting to discern the fair, objective meaning of that text at the time of its enactment. Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute. *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Cr.App.1991). Only where the application of a statute's plain language would lead to an absurd result, which the Legislature could not possibly have intended, should we depart from the literal text of the statute. *Ibid.* We further presume the Legislature intended for all the statutory language to have meaning and effect.