NO. 12-00-00378-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BENNIE SAENZ,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Appellant Bennie Saenz was convicted by a jury of possession of cocaine. The trial court
assessed punishment at imprisonment for five years. On appeal, Appellant complains of legal and
factual insufficiency, and a void cumulation order. We affirm.


Background

 The record shows that Whitehouse police officers were on patrol when they observed two
cars in the parking lot of a closed business. The officers approached the vehicles, both of which
were running. Elaine Lackey, the driver of the truck, appeared to have been crying. She told them
that she had a light out and that the other car was following her home. Appellant was in the other
vehicle. He told officers that he was following Lackey home because of a burned out headlight. One
of the officers detected the odor of alcohol on Appellant, so he conducted sobriety tests. The officer
concluded that Appellant was intoxicated. While Appellant was talking to one officer, the other
officer was placing Lackey in the rear passenger side of the patrol car. Appellant was placed under
arrest and was put in the rear driver's side of the patrol car. As the officers prepared to search the
vehicles, they noticed Lackey in the patrol car making distinct motions, and they became concerned
that she was sick. Upon questioning, Lackey told the officers that Appellant had put his hand in her
pocket and was touching her. The officers removed Lackey from the patrol car and requested
another patrol car to help in transportation. When the second patrol car arrived, Appellant was
removed from the vehicle. The officer observed a plastic bag, containing a white powdery substance,
where Appellant had been sitting. The rear seat was removed and a bag of marijuana was found
where Lackey had been sitting. The officers searched Appellant's car and found shortened straws. 
A drug dog was taken around Appellant's car and alerted on the driver's seat.

 One of the officers testified that the straws were significant because they were often used to
snort cocaine. A videotape was introduced and narrated by the officer. The tape showed Lackey
making a number of movements in the car while the officers were still talking with Appellant. The
officer noted that Lackey never moved over to the driver's side, where Appellant would eventually
be placed. After Appellant was placed in the patrol car, he began making similar movements as
those made by Lackey. The officer testified that he found the cocaine under Appellant's "butt." 

 Appellant was charged with possession of a controlled substance, namely cocaine, in an
amount of less than one gram. At the time of this offense, Appellant was on parole for a murder he
committed in 1984. 


Legal Sufficiency

 In his first issue, Appellant complains that the evidence is not legally sufficient to support
the verdict. A legal sufficiency of the evidence review calls upon the reviewing court to view the
relevant evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Margraves v. State,
34 S.W.3d 912, 917 (Tex. Crim. App. 2000). The standard is the same in both direct and
circumstantial evidence cases. Burden v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001). An
appellate court should consider all the evidence regardless of its admissibility. Johnson v. State, 967
S.W.2d 410, 412 (Tex. Crim. App. 1998). Also, review of the legal sufficiency of the evidence does
not involve any weighing of favorable and non-favorable evidence. Cardenas v. State, 30 S.W.3d
384, 389 (Tex. Crim. App. 2000).

Analysis

 Appellant was removed from the patrol car and was found to have been sitting on a bag of

cocaine. The bag had not been in the car when the officers began their patrol. Officers did not see
the bag when they put Appellant in the patrol car. Appellant was observed on the videotape moving
about in the car. When a drug dog was called to the scene, he alerted on the driver's seat in
Appellant's car, a place where Appellant had been sitting until a short time before the search. There
were two shortened straws, commonly used to snort cocaine, in Appellant's vehicle. It is a
reasonable deduction from the evidence that Appellant had the cocaine and removed it from his
clothing while he was in the patrol car. There is legally sufficient evidence to support the verdict
that Appellant was in possession of the cocaine. Accordingly, we overrule Appellant's first issue. 


Factual Sufficiency

 In issue two, Appellant contends that the evidence is factually insufficient to support the
verdict. When reviewing the factual sufficiency of the evidence, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). We review the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it with the evidence that tends to
disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We review the fact
finder's weighing of the evidence and are authorized to disagree with the fact finder's determination. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). This review must employ appropriate
deference to prevent an appellate court from substituting its judgment for that of the fact finder, and
any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the
weight and credibility to be given to the testimony of the witnesses. See Jones, 944 S.W.3d at 648.

Analysis

 Officers did not find cocaine either on Appellant's person or in his vehicle. The officers
agreed that Lackey was not truthful when she accused Appellant of putting his hand in her pocket. 
The evidence was that she had pulled out her own pocket and had secreted the marijuana. There was
no way of telling from the video whether Lackey was also in possession of the cocaine and that she
removed it from her pocket. But Lackey was never in the vicinity of where Appellant was placed
in the car. The movements that Appellant made were similar to the movements made by Lackey,
as if he were also attempting to get something out of his pocket. The marijuana was found on
Lackey's side of the car, while the cocaine was found on Appellant's side of the car. We hold that
after a neutral review of all the evidence, both for and against the finding, the proof of guilt is not
so obviously weak as to undermine confidence in the jury's determination, and neither is the proof
of guilt greatly outweighed by contrary proof. Consequently, we overrule issue two. 


Cumulation Order

 In issue three, Appellant argues that the cumulation order contained within the judgment is
void for lack of specificity. The trial court has discretion to stack sentences for two different
offenses. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2000). A cumulation order
should be sufficiently specific to allow prison officials and the defendant to identify the prior
conviction with which the new conviction is cumulated. Williams v. State, 675 S.W.2d 754, 763
(Tex. Crim. App. 1984) (op. on reh'g); Ward v. State, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975). 
The order should include (1) the trial court number of the prior conviction; (2) the correct name of
the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of
years of the prior conviction; and (5) the nature of the prior conviction. Banks v. State, 708 S.W.2d
460, 461 (Tex. Crim. App. 1986); Ward, 523 S.W.2d at 682; Phillips v. State, 488 S.W.2d 97, 99
(Tex. Crim. App. 1972). However, these requirements are not absolute, and cumulation orders
containing less information have been held valid. See, e.g., Stokes v. State, 688 S.W.2d 539, 540-41
(Tex. Crim. App. 1985) (order contained only the cause number and the court of the prior
conviction); Ex parte Shields, 371 S.W.2d 395, 395 (Tex. Crim. App. 1963) (order contained only
the date and the court of the prior conviction). 

 In the present case, the trial court stated in the judgment that the case was "to run consecutive
with Cause Number 3382 out of Kleberg County." As in Ex parte Collier, 243 S.W.2d 177,178
(Tex. Crim. App. 1951), only the cause number and the county in which the conviction occurred are
included in the judgment. Consistent with Ex parte Collier, we hold that the judgment is sufficiently
specific to inform prison authorities how long to detain the prisoner under the sentence and is
sufficiently specific to allow the defendant to identify the prior conviction with which the newer
conviction is cumulated.

 Even if the trial court's judgment is deficient, Appellant has failed to show that he was
harmed by the error. In Ex parte San Migel, 973 S.W.2d 310 (Tex. Crim. App. 1998), the Texas
Court of Criminal Appeals required that a habeas applicant demonstrate that he was harmed by a
deficiency in the cumulation order. Id. at 311. The court held that the applicant must show that the
TDCJ is improperly cumulating the sentences in order for the cumulation order to be void. Although
we acknowledge the differences between a habeas corpus proceeding and a regular appeal, we see
no reason that a faulty cumulation order should not be subject to a demonstration of harm. See Hoitt
v. State, 30 S.W.3d 670, 675-76 (Tex. App.-Texarkana 2000), pet. dism'd, 65 S.W.3d 59 (Tex.
Crim. App. 2001). In the present case, Appellant has failed to demonstrate or even allege that TDCJ
is improperly cumulating his sentences for the two offenses. Accordingly, we overrule Appellant's
third issue.

 We affirm the judgment of the trial court.

 JIM WORTHEN 

 Justice


Opinion delivered July 17, 2002.

Panel consisted of Worthen, J., and Griffith, J.

Gohmert, C.J., not participating















(DO NOT PUBLISH)