MEMORANDUM OPINION



No. 04-06-00647-CR



Alan Dean OUTFLEET,


Appellant



v.



The State of TEXAS,


Appellee



From the 198th Judicial District Court, Kerr County, Texas


Trial Court No. B-05-252


Honorable Karl Prohl, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Catherine Stone, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice


Delivered and Filed: September 12, 2007


AFFIRMED IN PART; REFORMED IN PART AND AFFIRMED AS REFORMED

 Appellant Alan Dean Outfleet entered a plea of no contest to four counts of indeceny with
a child by contact and was found guilty by the trial court. Outfleet was subsequently sentenced to
twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice
on counts one and two and ten years confinement on counts three and four. The trial court further
ordered counts one, two and three to run consecutively and that count four run concurrent to the first
three counts. Outfleet appeals the trial court's written cumulation order and asserts a claim of
ineffective assistance of counsel.

Factual Background

 On July 7, 2006, Appellant Alan Outfleet entered a plea of no contest on four charges of
indecency with a child. After finding Outfleet guilty on all counts, the trial court ordered a pre-sentence investigation (PSI) report and reset the matter for sentencing. On August 14, 2006, during
the punishment phase of the trial, Outfleet's daughter, M.M.O., testified that Outfleet had continually
engaged in sexual contact with her beginning when she was four or five years old. M.M.O. also
testified that her sister, M.V.O., was abused during the same time period. The PSI report was
admitted into evidence over defense counsel's objection to the hearsay statements contained within
the report. 

 At the end of the hearing, the trial court orally pronounced Outfleet's sentence - that he be
confined to the Institutional Division of the Department of Criminal Justice for a period of twenty
years on counts one and two and for a period of ten years on counts three and four. The trial court
further ordered that counts one, two and three run consecutively, while count four was to run
concurrent with the first three counts. The following day, the trial court signed the judgment which
contained a cumulation ("stacking") order which failed to stipulate the order in which the
consecutive sentences for counts one, two and three were to be served. As such, a variance exists
between the oral pronouncement of punishment and the written order.

 On appeal, Outfleet requests this court reverse the judgment of the trial court and remand the
matter for a new trial on punishment. In the alternative, Outfleet argues the judgment should be
reformed to reflect concurrent, rather than consecutive sentences. Outfleet also asserts he received
ineffective assistance of counsel. We modify the trial court's order to comply with the oral
pronouncement of sentence and affirm the judgment as modified.

Valid Cumulation Order

 Outfleet contends the trial court "failed to enter any type of valid cumulation order"
containing the requisite specificity to adequately inform Outfleet and the Institutional Division of
the Texas Department of Criminal Justice as to which sentence was to run first and when the next
prison sentence was to commence.

 A. Consecutive Sentences and Drafting the Judgment 

 "When the same defendant has been convicted in two or more cases, judgment and sentence
shall be pronounced in each case in the same manner as if there had been but one conviction." Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). If multiple sentences are imposed, it is within
the trial court's discretion to order those sentences served either consecutively or concurrently. Id. 
Once a court determines the sentences are to run consecutively, the court must orally pronounce the
sentence in the defendant's presence to ensure that he is adequately apprised of his punishment and
the "stacking" of sentences. Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a) (Vernon 2003); Ex parte
Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). A trial court's pronouncement of sentence
is oral, while the judgment, including the sentence assessed, is merely the written declaration of the
pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01 § 1 (Vernon 2005); Madding, 70 S.W.3d
at 135.

 Additionally, article 42.01 mandates that a written judgment pursuant to article 42.08 provide
whether the defendant's sentence is to run cumulatively or consecutively with any other sentence
imposed. Id. at § 1(19); Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2006). A valid
cumulation order specifically describes the previous conviction(s) and the order in which the
sentences are to be served. Ex parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). 
Thus, a trial court must first announce the cumulation order at the punishment hearing, in the
presence of the defendant, so as to inform the defendant of his punishment and second, file a written
cumulation order informing the penal institution of the order in which the sentences are to be served. 
See Madding, 70 S.W.3d at 135-36; Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

 B. Specificity Requirements

 The trial court in the instant case made both an oral pronouncement of the accumulation of
sentences at the punishment hearing and included a written cumulation order in the judgment issued
the following day. Outfleet argues the cumulation order contained in the oral pronouncement was
invalid because it failed to contain the recommended elements for specificity and therefore failed to
adequately apprise him of his punishment. See San Migel, 973 S.W.2d at 311.

 It is well established that cumulation orders containing fewer than the recommended elements
may be upheld. See Banks v. State, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986). In the instant
case, Outfleet was convicted of four separate counts of indecency with a child, all of which were
included in the Kerr County cause number B-05-252 and tried together on July 7, 2006. Moreover,
the same trial court assessed punishment on each count, in Outfleet's presence, and ordered that
count two was to follow count one, count three was to follow counts one and two, and count four
was to run concurrently with counts one, two and three. See Tex. Code. Crim. Proc. Ann. art.
42.03 § 1(a); Coffey, 979 S.W.2d at 328 (oral pronouncement controls over written judgment). 
Accordingly, the oral pronouncement was sufficient to notify Outfleet of the trial court's decision
to cumulate the sentences for the first three counts of his conviction. 

 C. Interpreting the Language of the Oral Pronouncement

 Outfleet further contends a plain reading of the oral pronouncement at the punishment
proceeding indicates the trial court intended to have counts two and three served concurrently rather
than consecutively. He argues that the trial court's ruling that count three was to run "consecutive
to counts one and two" means count three is to be served "consecutive" to count one, but concurrent
with count two. We disagree.

 An examination of the record indicates the trial court's articulation of sentencing was not
ambiguous, nor was it unclear with respect to the sentences running either concurrently or
consecutively. Stokes v. State, 688 S.W.2d 539, 541-42 (Tex. Crim. App. 1985) (holding that an
appellate court uses a common sense interpretation of the order, as well as reading the order "as a
whole and the phraseology therein construed together"). Each count stipulates a confinement in
terms of years, whether that sentence is concurrent or consecutive, and in which order consecutive
sentences are to be served. Specifically, the trial court ordered that count three was consecutive to
the sentences imposed on counts one and two. The trial court clearly intended the ten year sentence
in count three to follow the forty year confinement imposed for counts one and two. This
interpretation is further enforced by the sentencing language of count four wherein the trial court
ordered count four to run concurrently with counts one, two and three.

 Outfleet further contends the written cumulation order is void because it fails to stipulate
which prison sentence would begin to run first, when that sentence would cease to operate, and when
the next consecutive prison sentence would commence. We disagree.

 The oral pronouncement contained sufficient information to allow the trial court's clerk to
formulate the written order. In this case, there was a clerical error in that the written judgment did
not reflect the oral pronouncement. "When there is a conflict between the oral pronouncement of
sentence and the sentence in the written judgment, the oral pronouncement controls." Taylor v.
State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing Thompson v. State, 108 S.W.3d 287, 290
(Tex. Crim. App. 2003)). Because the written sentence or order simply memorializes the oral
pronouncement, only the oral pronouncement is appealable. Coffey, 979 S.W2d at 328. A common
sense interpretation of the trial court's order provides that Outfleet was to serve his sentences
consecutively: count two was to follow count one and count three to follow count two. Stokes, 688
S.W.2d at 541-42.

 C. Modification of Judgment

 When the oral pronouncement of punishment specifically describes the order in which
consecutive sentences are to be served and provides sufficient evidence to modify the written
judgment, an appellate court may reform the written order to reflect the record of the oral
pronouncement at sentencing. Tex. R. App. P. 43.2(b). Because the oral pronouncement specifically
provides the order in which Outfleet's sentences are to be served, the judgment should be modified
to accurately reflect the punishment of consecutive sentences ordered by the trial court. See Banks,
708 S.W.2d at 462. See also Storr v. State, 126 S.W.3d 647, 654-55 (Tex. App.-- Houston [14th
Dist.] 2004, pet. ref'd). We, therefore, modify the order of the trial court as follows:

 1. On count one of the indictment, Outfleet is sentenced to confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of
twenty years;


 2. On count two of the indictment, Outfleet is sentenced to confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of
twenty years; to run consecutive with count one; 


 3. On count three of the indictment, Outfleet is sentenced to confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of ten
years, to run consecutive with counts one and two; 


 4. On count four of the indictment, Outfleet is sentenced to confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of ten
years, to run concurrent with counts one, two and three of the indictment.


As modified, we affirm the order of the trial court.

Ineffective Assistance of Counsel

 The Sixth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of
the Texas Constitution guarantee the right to effective assistance of counsel at trial. U.S. Const.
amends. VI, XIV; Tex. Const. art. I § 10. On appeal, Outfleet asserts two instances of ineffective
assistance of counsel: trial counsel failed to object to the lack of forty-eight hours' notice for the PSI
report and trial counsel failed to object to a lack of notice of extraneous evidence.

 A. Strickland

 To prove ineffective assistance of counsel, Outfleet must demonstrate by a preponderance
of the evidence that: (1) trial counsel's performance was deficient because it fell below an objective
standard of reasonableness; and (2) there is a reasonable probability that but for counsel's
deficiencies, the result of the proceeding would have been different. See Strickland v. Washington,
466 U.S. 668, 695 (1984); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)
(applying the Strickland standards at noncapital sentencing proceedings).

 We review the record in light of all the circumstances, but are highly deferential to trial
counsel and presume counsel's actions fell within the range of reasonable and professional
assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To defeat the
presumption of reasonable assistance of counsel, the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)
(reversing appellate court's finding of ineffective assistance of counsel because the record was
insufficient to rebut the strong presumption of reasonable professional services). The fact that
another attorney might have pursued a different course of action, or tried the case differently, does
not establish ineffective assistance of counsel. Dickerson v. State, 87 S.W.3d 632, 637 (Tex.
App.--San Antonio 2002, no pet.). Failure to satisfy either prong of Strickland will defeat a claim
for ineffective assistance. Thompson, 9 S.W.3d at 813.

 B. Forty-Eight Hour Notice Requirement for the PSI Report

 Outfleet asserts the failure of counsel to object to the lack of forty-eight hours' notice for the
PSI report constitutes ineffective assistance. Article 42.12, section 9(d) reads: "Unless waived by
the defendant, at least 48 hours before sentencing a defendant, the judge shall permit the defendant
or his counsel to read the presentence report." Tex. Code Crim. Pro. art. 42.12 § 9(d) (Vernon
2006). On appeal, Outfleet does not offer any evidence as to when he or trial counsel obtained the
report. Without a developed record, we presume trial counsel had sufficient notice and any failure
to object was part of a sound trial strategy. Thompson, 9 S.W.3d at 814. Importantly, however, the
record clearly supports that trial counsel had knowledge of the PSI report and its contents, evidenced
by his argument to the trial court: "There's a lot of hearsay in there, and some of those witnesses
may not be here today." Additionally, trial counsel's reference to specific pages during his cross-examination of the report's author demonstrated his familiarity with the report. Because Outfleet
failed to show either affirmative proof in the record that trial counsel's failure to object to a violation
of article 42.19 was not a reasonable trial strategy or how an objection would affect the ultimate
result of the proceeding, we overrule this issue on appeal. 

 C. Extraneous Act Evidence

 Outfleet next complains of trial counsel's failure to object to lack of notice regarding his
daughter M.M.O.'s extraneous act testimony. During the State's case, the following testimony was
offered:

State: What was the first memory that you have of something like this
happening to you? 


M.M.O.: The first memory I have, I was four years old. . . . 


The prosecutor interrupted M.M.O., specifically limiting her testimony to the acts currently on trial. 
After cross-examination, the trial court, sua sponte, asked the witness about the incident that
occurred when she was four years old.

 A trial court may consider extraneous act evidence in assessing punishment. See Tex. Code
Crim. Proc. Ann. art 37.07 § 3(a)(1) (Vernon 2006). However, if properly requested, the defendant
is entitled to notice of the State's intent to use such evidence. Henderson v. State, 29 S.W.3d 616,
624-25 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). In this case, trial counsel made a proper
request and the State responded by submitting a list of ninety-nine extraneous acts, but did not
include the complained-of act. The State did, however, offer the same extraneous act evidence
through the PSI report, which the trial court could properly consider in assessing punishment. Smith
v. State, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (concluding that a trial court could consider
extraneous acts not proven beyond a reasonable doubt, if the PSI provided some basis from which
the trial court could rationally infer that the defendant was responsible).

 Outfleet fails to show trial counsel lacked a reasonable strategy in not objecting to the lack
of notice regarding the PSI report or M.M.O.'s testimony of the extraneous act. The record lacks any
evidence that trial counsel would have acted differently with advance notice. See Autry v. State, 27
S.W.3d 177, 182 (Tex. App.--San Antonio 2000, pet. ref'd). Moreover, Outfleet does not explain
how this testimony, which was contained in the PSI, affected the outcome of this proceeding. 
Accordingly, we overrule Outfleet's second issue on appeal.Conclusion

 Because the written judgment varied from the oral pronouncement of Outfleet's punishment,
we reform the written judgment to reflect the oral pronouncement of judgment. In addition, Outfleet
failed to meet his burden of proving ineffective assistance of counsel under either prong of
Strickland. We therefore affirm the judgment of the trial court as modified.


 Rebecca Simmons, Justice

Do Not Publish