# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00447-CR

**Christopher Greer, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 06-1214-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Greer pleaded guilty before a jury to five counts of sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2007). After hearing evidence, the jury returned verdicts assessing a twenty-year prison term for each count. In a single point of error, appellant challenges the propriety of the district court's cumulation orders. We overrule appellant's contention and affirm the judgments of conviction.

Prior to trial, the State filed a motion to cumulate the sentences in this case. *See id*. § 3.03(b)(2)(A) (authorizing cumulation of sentences for offenses under section 22.011 following consolidated trial). After accepting the jury's verdicts, the trial court orally imposed sentence as follows:

> THE COURT: Then you are sentenced to serve 20 years . . . in the Institutional Division of the Texas Department of Criminal Justice on each count.

The 20 years on Counts One, Two, and Three will run concurrently.

The 20-year sentence on Count Four will run consecutively to the sentences on One, Two, and Three.

And the 20-year sentence on Count Five will run consecutively to the sentences on Counts One, Two, Three, and Four.

There is a written judgment of conviction for each count. The judgments for counts one, two, and three state that the sentences are to run concurrently. The judgment for count four states that the sentence "shall begin when the judgment and sentence in Counts One, Two and Three in Cause Number 06-1214-K368 in the 368th Judicial District Court of Williamson County, Texas for the offense of Sexual Assault has ceased to operate." The judgment for count five contains an identical cumulation order, except that it specifies that the sentence is to begin when the sentence in count four ceases to operate.

Appellant contends that the trial court's oral and written cumulation orders are legally insufficient because they do not adequately identify the prior sentences on which the current sentences are to be cumulated. Appellant relies on authority holding that cumulation orders should contain five elements: (1) the cause number of the prior conviction, (2) the name of the court in which the prior conviction occurred, (3) the date of the prior conviction, (4) the term of years assessed in the prior case, and (5) the nature of the prior conviction. *See Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g). Appellant complains that neither the oral nor the written cumulation orders in this cause contain all of these elements.

At issue in *Williams* was the adequacy of a written order cumulating, pursuant to the general cumulation statute, the sentence in a new prosecution with the sentence imposed in

2

an earlier, separate prosecution in a different court and county. *See* 675 S.W.2d at 762; Tex. Code Crim. Proc. Ann. art. 42.08 (West 2006). Appellant cites no authority holding that *Williams* applies to the cumulation of sentences imposed following a single, consolidated trial of multiple offenses arising out of the same criminal episode. Under section 3.03, a sentence is not cumulated with a sentence imposed following a previous prosecution, but with another sentence imposed at the same prosecution. In appellant's case, the offenses cumulated for trial were not even alleged in separate indictments, but were instead alleged as separate counts in the same indictment. *Williams* does not speak to this circumstance.

The purpose of the oral pronouncement of sentence is to enable all the parties present to hear and respond to the sentence and to the cumulation order, if any. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). It is clear from the record that the counts referred to by the trial court when it orally announced its cumulation orders were the counts contained in the indictment in this cause. Defense counsel asked for and received a brief clarification of the cumulation orders and expressed no dissatisfaction or lack of understanding.

The written cumulation orders for counts four and five are also sufficient, even if *Williams* applies. These orders contain three of the elements specified in *Williams*: the cause number, name of the court, and nature of the "prior" conviction, which was really the instant conviction. The court of criminal appeals has held that a written cumulation order referring only to the previous conviction's cause number is sufficient if the court making the cumulation order is the same court that heard the prior case. *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (citing *Ex parte Lewis*, 414 S.W.2d 682 (Tex. Crim. App. 1967)).

3

Appellant was given the required opportunity to hear and respond to the cumulation orders in open court. The written cumulation orders give adequate notice to prison authorities so as to enable them to comply with the orders. No error is shown.

The point of error is overruled and the judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 31, 2008

Do Not Publish