

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00246-CR
_____

MISTY LAVERNA DALE MAYO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 26,279

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Misty Laverna Dale Mayo entered an open plea of guilty to all fourteen charges spread across five cases tried together in Hunt County, Texas. The multiple counts included charges for injury to a child, indecency with a child by contact, sexual assault of a child, and aggravated sexual assault of a child.[1] The trial court accepted her plea, found her guilty on all counts, and ultimately sentenced her to various terms of confinement ranging from ten to fifty years each. After finding errors in the judgments regarding whether the sentences for the eight charges contained in the last two cases were to be served concurrently or consecutively, the trial court attempted to correct the errors by entering nunc pro tunc judgments with revised sentencing instructions.

---

[1]The five cases before us on appeal, all resolved by opinions issued today, are as follows:

| Appeal Case Number | Trial Case Number | Count: Offense | Sentence | Sentence Group |
|---|---|---|---|---|
| 06-11-00243-CR | 26,276 | Count 1: injury to a child | 10 years | A |
| | | Count 2: injury to a child | 10 years | |
| 06-11-00244-CR | 26,277 | Count 1: injury to a child | 10 years | |
| | | Count 2: injury to a child | 10 years | |
| 06-11-00245-CR | 26,278 | Count 1: aggravated sexual assault of a child | 50 years | |
| | | Count 2: aggravated sexual assault of a child | 50 years | |
| 06-11-00246-CR | 26,279 | Count 1: indecency with a child by contact | 20 years | B |
| | | Count 2: indecency with a child by contact | 20 years | |
| | | Count 3: aggravated sexual assault of a child | 50 years | |
| | | Count 4: aggravated sexual assault of a child | 50 years | |
| 06-11-00247-CR | 26,303 | Count 1: indecency with a child by contact | 20 years | C |
| | | Count 2: sexual assault of a child | 50 years | |
| | | Count 3: sexual assault of a child | 50 years | |
| | | Count 4: sexual assault of a child | 50 years | |

Here, Mayo appeals from her convictions in trial court cause number 26,279. She contends that the trial court erred in entering: (1) the nunc pro tunc judgments because they were not issued in her presence; (2) the nunc pro tunc judgments because they vary from the trial court's oral pronouncement of sentence; and (3) the original judgments because they varied from the trial court's oral pronouncement of sentence.

We modify the nunc pro tunc judgments, for the purpose of clarity, and affirm the judgments as modified.

On September 17, 2011, the trial court orally sentenced Mayo to prison terms for each of the fourteen total counts contained within the five cases. The trial court pronounced sentence as follows:

> In Cause No. 26,276, there are two counts of injury to a child, I sentence you to ten years in the Texas Department of Criminal Justice Institutional Division in each of those cases, those two sentences to run concurrently.
> Cause No. 26,277, there are two counts of injury to a child. I sentence you to ten years TDC on each one of those, those also to run concurrently and concurrently with 26,276.
> In Cause No. 26,278, there are two aggravated sexual assault charges. I sentence you to 50 years TDC in each of those, all those to run concurrent with the prior announced sentences.
> In Cause 26,279, there are two aggravated sexual assault counts. I sentence you to 50 years in each one of those cases and the two indecency by contact, sentence you to 20 years in TDC in each of those. Those four sentences to run consecutively after the first set of sentences in the first three cause numbers.
> 26,303, find you -- sentence you to 50 years in each one of the three sexual assault cases and 20 years in the indecency by conduct -- contact, those four sentences to run consecutively after the second group of sentences. So, in essence, you have three consecutive 50-year sentences.

3

On October 4, 2011, the trial court entered written judgments for each count, including instructions regarding whether the sentence for each count was to be served concurrently or consecutively. For example, the sentencing portion of judgment for Count 1 of trial court cause number 26,279, states:

> THIS SENTENCE SHALL RUN CONSECUTIVELY (see below). This sentence will run <u>CONSECUTIVELY</u> to Cause No. ~~26,276, 26,277~~ & 26,278-COUNT 2; therefore, the conviction in Cause No. 26,279 is <u>STACKED</u> upon the conviction in Cause Nos. 26,276, 26,277, AND 26,278-COUNT 1. The punishment for this conviction in Cause No. 26,279 shall not begin until the judgment and sentence in Cause Nos. 26,276, 26,277 AND 26,278-COUNT 1 styled the State of Texas vs. Misty Laverna Dale Mayo in the 354th Judicial District Court of Hunt County, Texas <u>HAS CEASED TO OPERATE.</u>

The sentencing language in the judgments for the remaining three counts in trial court cause number 26,279 are similar in style, format, and structure.

Three months after entering the written judgments, the trial court found errors in the judgments regarding whether the sentences in the last two cases were to be served concurrently or consecutively. Attempting to remedy these errors, the trial court entered judgments nunc pro tunc for the eight charges contained in the two trial court cases. For example, the sentencing instructions in the nunc pro tunc judgment for Count 1 of trial court cause number 26,279 (the same case and cause as the previous example), states:

> THIS SENTENCE SHALL RUN CONSECUTIVELY (see below). This sentence will run CONCURRENTLY to Cause No. 26,278-Count 1 and Cause No. 26,279-Counts 2, 3, and 4; therefore, the conviction in Cause No. 26,279-Count 1 is stacked upon the convictions in Cause No. 26,276; Cause No. 26,277 and Cause No. 26,278-Count 2. The punishment for this conviction in Cause No. 26,279-Count 1 shall not begin until the judgment and sentences in Cause No. 26,276; Cause No. 26,277 and Cause No. 26,278-Count 2 styled the State of

4

> Texas vs. Misty Laverna Dale Mayo in the 354th Judicial District Court of Hunt County, Texas has ceased to operate.

The sentencing instructions in the nunc pro tunc judgments for the remaining three counts in cause number 26,279 are similar in style, format, and structure.

On appeal, Mayo contends the nunc pro tunc judgments should be modified because they are confusing[2] and vary from the trial court's oral pronouncement of sentence. We agree.

Nunc pro tunc literally means "now for then," and describes the inherent power possessed by a court to make its records speak the truth by correcting the record at a later date to reflect what actually occurred at trial. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (per curiam). Where there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement of sentence controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

We find that the sentence and cumulation instructions in the nunc pro tunc judgments vary from the trial court's pronouncement. We modify the nunc pro tunc judgments and hold that Mayo shall serve the following sentences, as pronounced by the trial court in open court, in three defined groups.

---

[2]A valid cumulation order should provide sufficient specific information to allow the Texas Department of Criminal Justice to identify the prior conviction and sentence with which the newer conviction is to be cumulated. *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998); *Ward v. State*, 523 S.W.2d 681 (Tex. Crim. App. 1975).

Sentence Group A shall consist of the sentences ordered in three cases, trial court cause numbers 26,276; 26,277; and 26,278. In the case bearing trial court cause number 26,276, Mayo's sentences for two counts of injury to a child are each set at ten years' confinement. In the case bearing trial court cause number 26,277, Mayo's sentences for two counts of injury to a child are each set at ten years' confinement. In the case bearing trial court cause number 26,278, Mayo's sentences for two counts of aggravated sexual assault of a child are each set at fifty years' imprisonment.

Sentence Group B shall consist of the sentences ordered in the case bearing trial court cause number 26,279. Mayo's sentences for the four counts in that case are set as follows: one sentence of twenty years' imprisonment for each of the two counts for indecency with a child by contact and one sentence of fifty years' imprisonment for each of the two counts for aggravated sexual assault of a child.

Sentence Group C shall consist of the sentences ordered in the case bearing trial court cause number 26,303. Mayo's sentences for the four counts in that case are set as follows: a sentence of twenty years' imprisonment for the single count for indecency with a child by contact and one sentence of fifty years' imprisonment for each of the three counts for aggravated sexual assault of a child.

All sentences within the above referenced Sentence Group A are to be served concurrently with the other sentences within Sentence Group A. When the last sentence from Sentence Group A has been served or has ceased to be effective, the sentences from Sentence Group B will begin. All sentences within Sentence Group B are to be served concurrently with

6

the other sentences within Sentence Group B. When the last sentence from Sentence Group B has been served or has ceased to be effective, the sentences from Sentence Group C will begin. All sentences within Sentence Group C are to be served concurrently with the other sentences within Sentence Group C.

Due to our modification hereinabove, we need not address Mayo's remaining points of error. As modified, the nunc pro tunc judgments are affirmed.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 4, 2012
Date Decided:     June 7, 2012

Do Not Publish