# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00459-CR

---

**Joshua Carl Wulff, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 17-0794-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Joshua Carl Wulff entered open pleas of guilty to four counts of possession of child pornography, all third-degree felonies. *See* Tex. Penal Code §§ 12.34, 43.26. The trial court assessed his punishment at ten years' imprisonment for each count with each of the four sentences to run consecutively. In two appellate issues, he contends that the trial court (1) abused its discretion by "stacking" his sentences to run consecutively without explaining why and (2) erred by refusing to consider his mitigation evidence when assessing punishment. We affirm.

## BACKGROUND

A mother in Pennsylvania reported to law enforcement that her minor daughter had been sending nude photos to someone else. Law enforcement investigated and discovered that the phone number receiving the photos belonged to Wulff, who lived in Leander, Texas. Law enforcement in Texas reviewed the messages and subpoenaed a chat app for Wulff's chats. After finding more sexually explicit chats between Wulff and other minors, law enforcement obtained a

warrant to search his home and electronic devices that he used. They found hundreds of videos and pictures depicting child pornography, mostly of prepubescent children. Wulff also uploaded or traded video and image files on his devices and asked others to send him certain files, including of prepubescent children and bestiality.

The State charged Wulff with four counts of possession of child pornography, corresponding to four particular files found on his devices, and he pleaded guilty open to the court for punishment. At a contested punishment hearing, the State presented evidence of the four files, testimony by the Pennsylvania mother, and testimony by several officers who investigated Wulff. Wulff presented testimony by his mother and a licensed professional counselor who gave him sex-offender treatment. The trial court took a 30-minute recess to review the evidence and deliberate. It then assessed punishment at ten years' imprisonment on each of the four counts and ordered that the punishments run consecutively, or be "stacked." The trial court entered four judgments of conviction reflecting Wulff's guilt on the respective counts, the respective sentences, and that the sentences would run consecutively. Wulff now appeals those four judgments.

## DISCUSSION

In his first issue, Wulff contends that the trial court abused its discretion by not informing him of the "foundation for finding that the sentences should be stacked." By not telling him why it was ordering consecutive sentences, the trial court, Wulff argues, made an improperly "vague oral cumulation order." Wulff therefore asks that we modify his sentence by "delet[ing] the cumulation order," thereby making his sentences run concurrently instead. As relevant here, a defendant's right to concurrent sentences for offenses arising out of the same criminal episode and

2

the exceptions to that right are found in Penal Code section 3.03. *See* Tex. Penal Code § 3.03(a) (right to concurrent sentences "[e]xcept as provided by Subsection (b)"), (b)(1)–(6) (exceptions).

Before addressing the merits of this issue, we must address the State's preservation argument. The State relies on Rule of Appellate Procedure 33.1 and argues that Wulff did not preserve his first issue for appellate review because "this issue was not raised in the trial court either by objection or motion for new trial" and he "does not argue that the stacking order violated a statutory provision."

We address the preservation argument under the framework announced in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). *See Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Sanchez v. State*, 120 S.W.3d 359, 365–66 (Tex. Crim. App. 2003). The *Marin* framework divides defendants' rights into three categories: (1) those that are absolute and thus cannot be waived or forfeited, (2) those that can be waived but cannot be forfeited, and (3) those that can be forfeited. *Burg*, 592 S.W.3d at 448–49. Rule 33.1 applies only to category-three, forfeitable rights. *Id.*

Penal Code section 3.03 "confers a *Marin* waiver-only right—a right that must be implemented unless affirmatively waived." *Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (citing *Ex parte McJunkins*, 954 S.W.2d 39, 40–41 (Tex. Crim. App. 1997)); *see also Bonilla v. State*, 452 S.W.3d 811, 818 n.30 (Tex. Crim. App. 2014) ("[An] unauthorized [cumulation order] . . . results in an illegal sentence not subject to forfeiture. Like a double-jeopardy violation apparent on the face of the record, an unauthorized cumulation order may be raised for the first time on appeal or collateral attack." (internal citation omitted)). Because the State argues only that Wulff failed to object in the trial court or move for a new trial, rather

3

than any affirmative waiver, we reject the preservation argument. And after review of the record, we find no affirmative waiver. We thus continue to the merits of Wulff's first issue.

A trial court may "stack" a defendant's sentences when the defendant "is found guilty of more than one offense arising out of the same criminal episode" if "each sentence is for a conviction of," as relevant here, possession of child pornography. Tex. Penal Code §§ 3.03(b)(3)(A), 43.26. Repeated commission of the same offense constitutes offenses arising out of the same criminal episode. *Id.* § 3.01(2). When a trial court is statutorily permitted to impose consecutive sentences, its choice between consecutive or concurrent sentences is committed to its discretion. *See Barrow v. State*, 207 S.W.3d 377, 380, 382 (Tex. Crim. App. 2006); *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) (citing Tex. Code Crim. Proc. art. 42.08(a)).

A trial court's order of consecutive sentences, as reflected in the judgment of conviction, must be "sufficiently specific to allow the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID), to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). One such order was sufficient when it said that "the sentence was to begin at the expiration of a sentence previously pronounced on that same date and by the same district court." *Id.* at 310. Although the Court of Criminal Appeals recommends that such orders include four kinds of information, including all four is "not absolute[ly]" required, and an order "not setting out all of the requirements may, in some circumstances, be valid." *Id.* at 311. The four kinds are: (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction, and (4) the term of years assessed in the prior case. *Id.*

4

Here, the trial court orally pronounced the cumulation order to Wulff in open court:

> Mr. Wulff, you previously entered your guilty pleas as to Counts 1, 2, 3, and 4 of the indictment in this cause, each of the counts charging you with the offense of possession of child pornography. At the time you entered the plea, I explained to you the respective ranges—or the range of punishment for each count. You waived your right to a jury trial based on the agreement, the State to waive their right as well, and go open to the Court.
>
> Court having considered your guilty plea and having found that it was freely and voluntarily entered and all of the—your respective rights were freely and voluntarily waived and the Court having taken judicial notice of the presentence investigation report, having heard the evidence in the two-day proceeding or day and a half proceeding which we have conducted, and having taken—or having reviewed the exhibits that were admitted as well, the Court finds you guilty of each count. The Court also imposes a sentence of ten years['] confinement on each respective count. The Court does order that these sentences shall run consecutively. You do have the right to appeal the decision of this Court.

Wulff argues that this pronouncement should have included an explanation for why the trial court ordered his sentences stacked. We may look to the trial court's written judgments to decide this issue. *Bell v. State*, 774 S.W.2d 371, 376 (Tex. App.—Austin 1989, pet. ref'd) ("The trial court's oral pronouncement of sentence in Bell's presence in open court clearly informed Bell that he was sentenced to serve his two five-year sentences concurrently and thereafter to serve his life sentence. The court's written order reflects this fact. . . . [W]e hold that the trial court's written sentence is sufficiently specific and, therefore, the cumulation order is valid."); *see San Migel*, 973 S.W.2d at 310–11 (analyzing sufficiency of cumulation order by reviewing trial court's written judgment).

The court memorialized the cumulation order in the four judgments of conviction corresponding with the four counts of possession of child pornography to which Wulff pleaded guilty. The four judgments are together specific enough to allow the TDCJ–ID to identify the convictions that will run consecutively. There are four judgments of conviction appearing together in the clerk's record, and they say that they relate to "count one," "count two," "count three," and

5

"count four," respectively. In addition, they each recite their cause number, the correct name of the trial court, the date of conviction, and the associated term of years of their sentences. Each of the judgments for counts two, three, and four say that their sentences are

> to run consecutively and to begin only when the judgment and sentence in the following case ceases to operate: Cause Number 17-0794-K26 Count One[, or Two, or Three, respectively,] for the offense of possession of child pornography, in the 26th Judicial Court of Williamson County, Texas, with a date of sentence imposed being July 3, 2019.

(All-capitalization replaced with down style.) On the face of the judgments, then, the TDCJ–ID can see that the sentence for count two begins only when count one's sentence ends and so forth for the sentences for count three, beginning only after the one for count two ends, and count four, beginning only after the one for count three ends. All these features of the four judgments lead us to conclude that they meet *San Migel*'s requirements. *See* 973 S.W.2d at 310–11.

Wulff's arguments on appeal ask for more than what *San Migel* requires: he argues that the trial court when it orally pronounced sentence needed to explain *why* it chose to order consecutive instead of concurrent sentences. He asserts that an order for consecutive sentences lacking such an explanation is improperly vague. But he cites no authority that requires the trial court to have given him the explanation he wants. We hold that the trial court's judgments of conviction were sufficient under *San Migel*, *id.*, and that the trial court need not have given Wulff the explanation he seeks for why his sentences were to run consecutively and not concurrently, *see Barrow*, 207 S.W.3d at 380 (stating that trial court's "decision whether to cumulate does not turn on any discrete or particular findings of fact" but is instead "purely a normative decision, much like the decision of what particular sentence to impose within the range of punishment" and that "the trial court is free to make this determination so long as the individual sentences are

6

not elevated beyond their respective statutory maximums"); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("[S]o long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences."); *Bowden v. State*, 627 S.W.2d 834, 836 (Tex. App.—Fort Worth 1982, no pet.) (overruling point of error complaining that trial court's explanation for why it was cumulating sentences was lacking "the certainty required by law in that the two sentences were conditionally cumulated" where "appellant was apprised, with certainty, of the length of his sentence"). We thus overrule Wulff's first issue.

In his second issue, Wulff contends that the trial court denied him his rights to due process by assessing the maximum sentence for each count, meaning that the court implicitly and improperly, he says, refused to consider mitigating evidence. He says that "the sentencing court failed to state that it had considered any mitigating factors, including" evidence that he presented during the hearing. He deems the trial court's sentences at the top of the statutory range "[a]n arbitrary refusal to consider the entire range of punishment" that thus denied him due process. He therefore asks that we "reduce" his "sentence to reflect the appropriate mitigating factors."

The trial court has wide latitude to determine the appropriate sentence in each case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). "We cannot step into the shoes of the trial court judge and substitute our judgment for hers unless that judge has clearly abused her discretion." *Id.* We may not disturb a trial court's decision on an issue within its discretion unless the decision was arbitrary or unreasonable and was outside the zone of reasonable disagreement. *See State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *see also Nicholas*, 56 S.W.3d at 765 (applying abuse-of-discretion standard to sentencing); *Greenwood v. State*, 948 S.W.2d 542, 546 (Tex. App.—Fort Worth 1997, no pet.) (same).

7

A trial court denies a defendant due process during the punishment phase if the court arbitrarily refuses to consider the entire range of punishment or any mitigating evidence and imposes a predetermined sentence. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Ex parte Brown*, 158 S.W.3d 449, 454–56 (Tex. Crim. App. 2005). Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). Without a clear showing of bias, we presume a trial court was neutral and detached. *See Tapia*, 462 S.W.3d at 44; *Brumit*, 206 S.W.3d at 645.

We conclude that Wulff has not made the required showing of an abuse of sentencing discretion that violated his rights to due process. He points us to nothing in the record suggesting that the trial court expressed bias, did not consider any lower sentence within the statutory range, or refused to consider his evidence. *See Brumit*, 206 S.W.3d at 645. Instead, the trial court heard evidence from both the State and Wulff over a day-and-a-half-long hearing and mentioned that fact before pronouncing the sentence. It reviewed the exhibits offered by the parties and recessed the hearing for 30 minutes after the close of the evidence for the express purposes of considering the evidence and competing arguments. As for the evidence that the trial court considered, it took judicial notice of a pre-sentence-investigation report about Wulff and said that it read that report. It heard evidence that Wulff possessed around 320 videos and 225 pictures of child pornography. Most of those files depicted sexual acts involving prepubescent children. The evidence also showed that investigators recovered from Wulff's devices chats in which he described committing sexual acts with children 12, 10, or 8 years old. He described wanting to commit one such act in a darkened movie theater, and evidence showed that he worked at a movie theater. Investigators also found on Wulff's devices chats in which he asked for depictions of

8

children and bestiality. There was also testimony that he worked at an animal shelter and fostered animals. In other chats Wulff asked users who presented themselves as minors whether they liked "older men." The trial court also heard testimony from Wulff's licensed professional counselor, but on cross-examination, the counselor confirmed several instances of Wulff's having withheld information from him, including about possessing images of prepubescent children and bestiality, engaging in sexual contact with a minor, and having held knives against a person's throat. Because the trial court heard and said that it considered all the evidence, which necessarily includes Wulff's mitigating evidence, the trial court did not abuse its sentencing discretion by choosing a punishment atop but still within the statutory punishment range. *See id.*

Wulff's arguments to the contrary do not point to any statements by the trial court suggesting either bias or any refusal to consider his evidence or a lower sentence. He thus has not affirmatively shown an abuse of sentencing discretion. *See Tapia*, 462 S.W.3d at 44; *Brumit*, 206 S.W.3d at 645; *see also* Tex. Penal Code §§ 12.34(a), 43.26(d) (providing that third-degree felonies are punishable by imprisonment for two to ten years, inclusively, and that possession of child pornography is third-degree felony); *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."); *Barrow*, 207 S.W.3d at 379–80 ("The decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function."). We overrule Wulff's second issue.

## CONCLUSION

We affirm the trial court's judgments.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   May 26, 2021

Do Not Publish